WILLIE JEROME HOLT *v.* STATE OF INDIANA.

[No. 973S196. Filed September 10, 1974.]

*Julius H. Sachs,* of Hammond, for appellant.

··*Theodore L. Sendak,* Attorney General, *G. Richard Potter,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—The Appellant was convicted by a jury of the crime of Second Degree Murder. A woman called Georgia Bryant, who was living with the victim, a dealer in narcotics, testified that on February 21, 1972, she overheard from an adjoining room the victim say to another person, "I only carry on me four (4), that's all. You're going to have to kill me, . . . ." Georgia Bryant then heard a shot. She peeked into the room and saw the Appellant with a gun in his hand standing over the body of the victim. Appellant fled. On March 10, 1973, Appellant was found guilty of murder in the Second Degree.

Despite this verdict, we must order the discharge of the Appellant in view of the State's failure to comply with Rule CR. 4, which is the mechanism adopted by this Court to insure the constitutional right to a speedy trial for each defendant in a criminal trial.

Appellant relies upon the following rule, Rule CR. 4(A), (D):

"(A)  *Defendant in jail.* No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) ; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstances, the prosecuting attorney shall make such statement in a motion for continuance not later then ten (10) days prior to the date set for trial, or if such motion is filed less than ten (10) days prior to trial, the prosecuting attorney shall show additionally that the delay in filing the motion was not the fault of the prosecutor.

\* \* \*

(D)  *Discharge for delay in trial—When may be refused— Extensions of time.* If when application is made for discharge of a defendant under this rule, the court be· satisfied

that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged."

Appellant was arrested on February 25, 1972. He was indicted on March 24, 1972. The six-months period of the rule begins on the later date. On May 18, 1972, the trial was set for June 5, 1972. Continuances acquiesced in and therefore chargeable to Appellant delayed the trial date until July 17, 1972. On that date the State was granted a continuance in order to secure a key witness. The Appellant did not agree to this delay. The six-months period begins anew on the last date of the delay chargeable to Appellant. *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411.

Although the key witness was returned on August 18, 1972, Appellant was not tried until March 10, 1973. At the time Appellant made his Motion for Discharge (January 24, 1973) six months had elapsed from July 17, 1972, the last date of delay chargeable to Appellant. This motion for discharge was overruled without any reason given. At the time the Motion for Discharge was filed, if the key witness had again become unavailable, the State could have invoked Rule CR. 4(D) and received an additional ninety (90) days within which to try Appellant. The State did not do this. Indeed, no showing was or is made as to why this cause could not have been tried within the time limitations fixed by Rule CR. 4. Since the trial court denied Appellant's Motion for Discharge without any cause shown, we are compelled to follow the Rule which the trial court failed to observe. The record fails to reveal any reason this case could not have been tried according to the Rule. Under these circumstances we have no alternative but to order the Appellant discharged.

All Justices concur.

NOTE.—Reported at 316 N.E.2d 362.