STATE OF INDIANA *v.* HARRELL C. MOSS AND JAMES BERRIDGE.

[No. 1-275A30. Filed March 15, 1976. Rehearing denied April 28, 1976. Transfer denied August 17, 1976.]

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellant.

*Bates, Warrum & Noffsinger,* of Evansville, for appellee Moss. *Malcolm G. Montgomery,* of Evansville, for appellee Berridge.

---

LYBROOK, J.—Plaintiff-appellant State of Indiana appeals from discharge of defendants-appellees Moss and Berridge pursuant to Ind. Rules of Procedure, Criminal Rule 4(C). The sole issue presented is whether the discharge was error.

The record reveals that defendants were neither charged, arrested, nor released on their own recognizance subsequent to February 1, 1974, the effective date of the 1973 amendment to CR. 4(C). Therefore, the pre-amendment version of CR. 4(C) controls. *Moreno* v. *State* (1975), 166 Ind. App. 441, 336 N.E.2d 675; *Holt* v. *State* (1974), 262 Ind. 334, 316 N.E.2d 362. Pursuant to *Moreno* and numerous other cases, under the pre-amendment version of CR. 4(C) any delay chargeable to the defendants results in the one year period of CR. 4(C) beginning to run anew from the last day of the delay. On April 9, 1974, and on April 11, 1974, Moss and Berridge respectively, moved for change of venue from the county which was granted. The last day of this delay was May 29, 1974, the day the cause was docketed in the Pike Circuit Court. Thus, the order of the trial court discharging defendants on September 6, 1974, was clearly erroneous and must therefore be reversed.

Judgment reversed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 343 N.E.2d 827.