STATE of Indiana ex rel. Roy R. PENN, Relator,

v.

The CRIMINAL COURT OF MARION COUNTY, DIVISION III and the Honorable Charles C. Daugherty, Judge of the Criminal Court of Marion County, Division III, Respondent.

No. 878S165.

Supreme Court of Indiana.

May 11, 1979.

John R. Politan, Clark & Clark, Indianapolis, for relator.

Sherwood Hill, Deputy Pros. Atty., Theodore L. Sendak, Atty. Gen., Charles C. Daugherty, Judge, Indianapolis, for respondents.

DeBRULER, Justice.

This is an original action instituted in this Court by Relator who stands charged in the criminal court below by indictment with murder. Such indictment was returned to the criminal court in August, 1975. No arrest warrant was issued on the indictment until March 10, 1978. Appellant was arrested on such warrant.

Shortly thereafter Relator filed his motion for discharge pursuant to Criminal Rule 4(C) and such motion was denied in July, 1978, following a hearing in the trial court. Following a preliminary proceeding in this Court, the Court refused to grant a temporary writ, and now upon due consideration we likewise decline to issue the permanent writ.

Criminal Rule 4(C) provides in pertinent part:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; . . . ."

The record presented by Relator establishes that he was first arrested for the homicide which forms the basis for the indictment in April, 1975. He was ordered bound over to the criminal court and his bond was set and he was, in fact, released on such bond. Thereafter the deputy county clerk, assigned to the criminal court, noted the bind over order and the bond in a record of that court. Relator's claim is based upon the premise that the one-year period for restraint on recognizance, sanctioned in effect by the rule, commenced in August, 1975, when the indictment was returned and filed, a period of over two years and seven months before he was arrested on the warrant issued upon the indictment.

 Under the rule as presently written and construed by this Court, the sanctioned one-year period is activated when the latter of two events has occurred, those two events being: (1) the filing of a formal charge and (2) the arrest of the accused on such formal charge, thereby bringing the accused within the jurisdiction of the court. *Holt v. State*, (1974) 262 Ind. 334, 316 N.E.2d 362; *Maxey v. State*, (1976) 265 Ind. 244, 353 N.E.2d 457. While these two cases involve claims made pursuant to Criminal Rule 4(A) rather than 4(C), the time period sanctioned by 4(A), is activated in the same manner as the time period sanctioned by 4(C), and therefore applies to this case. In the case before us the later of the events required by the rule occurred in April, 1978,

when appellant was arrested upon the warrant issued by the criminal court. So reckoned, the sanctioned one-year period had not expired in July, 1978, when the Respondent court denied the motion for discharge. The delay in this case at the time the trial judge denied the motion for discharge was insufficient to bring Relator within the protection afforded the right to speedy trial by Criminal Rule 4. To be noted is the asymmetry between such protection provided by our rule and federal law. *Barker v. Wingo*, (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Smith v. Hooey*, (1969) 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. Federal law requires the application of a broad balancing test in which the conduct of the prosecution and the accused are to be considered, and in which the sort of pre-indictment delay following arrest complained of by Relator is one relevant factor. We relegate Relator to his appellate remedies for vindication of the right under such law.

The permanent writ is denied.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents.