STATE of Indiana, Appellant–Plaintiff,

v.

Norman SUGGS, Appellee–Defendant.

No. 21A01–0101–CR–10.

Court of Appeals of Indiana.

Aug. 24, 2001.

Publication Ordered Sept. 24, 2001.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

BROOK, Judge.

### Case Summary

The State appeals the trial court's order discharging appellee-defendant Norman Suggs ("Suggs") pursuant to Indiana

Criminal Rule 4(C). We reverse and remand.

## Issue

The State raises a single issue for review, which we restate as whether the trial court erred in granting Suggs' motion for discharge under Indiana Criminal Rule 4(C).

## Facts and Procedural History

According to the probable cause affidavit, on April 7, 1998, State Police Trooper Bill Hutton ("Hutton") stopped Suggs for driving his car with a non-functioning headlight. Hutton observed that Suggs had a strong odor of alcohol on his person. Hutton conducted a portable breath test, which indicated the presence of alcohol. Suggs consented to a certified breath test, which indicated that his blood alcohol content was 0.11 percent. On April 14, 1998, the State charged Suggs with operating a vehicle while intoxicated and operating a vehicle with more than 0.10 percent of alcohol in his blood.

On April 15, 1998, Suggs waived the initial hearing and requested a bench trial. The trial court set the initial trial date for June 2, 1998. On June 2, 1998, the parties appeared, but the matter was not tried; Suggs requested a plea recommendation and indicated that he would likely plead guilty.[1]

On June 8, 1998, the State filed a motion for a second trial setting in which it noted that "the Defendant's counsel and State appeared [on June 2] and plea recommen-

dation was offered. However, the matter was not decided nor set for any further hearing or trial." The court set the trial for August 28, 1998. On August 27, 1998, Suggs moved to continue the trial and informed the court that he had reached "an agreement" with the State. Suggs requested that the plea and sentencing hearing be set for 120 days thereafter to allow him to gather monies for the fines and costs. The court granted the motion and reset a *trial* date for October 23, 1998.

On October 20, 1998, a plea recommendation was filed with the trial court.[2] On October 26, 1998, the court set a guilty plea and sentencing hearing for January 19, 1999. On January 19, 1999, Suggs filed a motion to continue the hearing. The court granted the motion and rescheduled the hearing for April 6, 1999. On March 31, 1999, Suggs filed another motion to continue the hearing, which the court denied. Subsequently, Suggs failed to appear for the April 6 hearing.[3] On December 30, 1999, the State moved for another trial setting. However, the court did not rule on this motion.

On February 29, 2000, the State filed a Trial Rule 53.1(A) praecipe for withdrawal of jurisdiction and transfer to the Indiana Supreme Court. The supreme court withdrew the case from the original judge and appointed a special judge on May 30, 2000. On June 9, 2000, the court set a settlement conference for June 14, 2000. On June 14, 2000, Suggs filed a motion for discharge,

---

1. This information appears in the prosecutor's unsworn and unverified memorandum of law in response to Suggs' motion for discharge. The chronological case summary ("CCS") does not contain an entry for June 2, 1998.

2. The document states in relevant part that "parties hereto intend this recommendation to be a binding plea agreement, and intend to condition the Court's acceptance of defen-

dant's guilty plea upon the imposition of the specific sentence as recommended herein." We note that the prosecutor signed the recommendation on April 15, 1998, defense counsel on October 15, 1998, and Suggs on October 20, 1998.

3. This information is noted in the prosecutor's memorandum of law. The CCS does not contain an entry for April 6, 1999.

which the court granted on September 12, 2000. The order discharging Suggs reads in relevant part as follows:

> Charges were filed on April 14, 1998, and a trial was set for August 28, 1998. The time attributed to the State is 156 days.
>
> The defendant filed a Motion to Continue the Guilty Plea set for April 6, 1999, which was denied on March 13 [*sic*], 1999, and no new trial date was set.
>
> The time attributed to the State since the above date of April 6, 1999 to March 1, 2000, the date the State filed its TR 53.1 Motion, is 330 days.
>
> The undersigned Judge was notified by the Supreme Court of his appointment as Special Judge on June 7, 2000. The time attributable to the State from the filing of it's [*sic*] Motion is 98 days.

### Discussion and Decision

██ Initially, we note that Suggs has failed to file an appellee's brief. "A less stringent standard of review applies and an appellant need only establish prima facie error to win a reversal when the appellee fails to file a brief." *State v. Johnson*, 669 N.E.2d 411, 412 (Ind.Ct.App.1996), *trans. denied.* "The purpose of this rule is not intended to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal." *Spears v. State*, 621 N.E.2d 366, 367 (Ind.Ct.App. 1993). "Prima facie error means error at first sight, on first appearance, or on the face of it." *Id.*

The State contends that the trial court erred in granting Suggs' motion for discharge under Indiana Criminal Rule 4(C) because less than one year chargeable to the State had elapsed between the filing of the charges and the motion for discharge. Specifically, the State argues that only for-

ty-nine days are attributable to the State under the Rule 4(C) period. Indiana Criminal Rule 4(C) provides in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him because of congestion of the court calendar.... Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

██ The duty to bring a defendant to trial within one year is an affirmative one which rests with the State, and the defendant is under no obligation to remind the court of the State's duty. *Ritchison v. State*, 708 N.E.2d 604, 606 (Ind.Ct.App. 1999), *trans. denied.* "The one-year period commences with the date of arrest or filing of information, whichever is later." *Isaacs v. State*, 673 N.E.2d 757, 762 (Ind. 1996). "[I]f a defendant seeks or acquiesces in any delay which results in a later trial date, the time limitations of the rule are also extended by the length of those delays." *Id.* "By the rule's own terms, the one-year period is extended by any delay due to: 1) a defendant's motion for a continuance; 2) delay caused by the defendant's act; or 3) congestion of the court calendar." *Id.*

■ Under Criminal Rule 4(C), the State's one-year period began when it filed charges against Suggs on April 14, 1998, and thus it had until April 14, 1999, to bring him to trial. The forty-nine days between April 14, 1998, and the first trial date, June 2, 1998, are chargeable to the State. However, there is no CCS entry for June 2, 1998. "When a record is silent concerning the reason for a delay, it is not attributable to the defendant."[4] *Havvard v. State,* 703 N.E.2d 1118, 1121 (Ind.Ct. App.1999). On June 8, 1998, on the State's motion, Suggs's trial was rescheduled to August 28, 1998.

On August 27, 1998, Suggs moved for a continuance, reported that he had reached an agreement with the State, and requested 120 days to gather funds. Suggs' trial was reset to October 23, 1998. On October 20, 1998, a plea recommendation was filed. On October 26, 1998, the court set a guilty plea and sentencing hearing for January 19, 1999. On January 19, 1999, Suggs filed a second motion for a continuance. The motion was granted, and the hearing was reset for April 6, 1999. On March 31, 1999, Suggs filed a third motion for a continuance, which the court denied.

■ Although the CCS is silent as to why a guilty plea and sentencing hearing was not held on April 6, 1999, Suggs' affirmative steps of signing a plea agreement and seeking continuances were inconsistent with being brought to trial by the trial date or within one year. *See State v. Hurst,* 688 N.E.2d 402, 408 (Ind.1997) ("The one year time period should be extended because of defendant's actions only if the defendant does something that is inconsistent with being brought to trial by the trial date or within one year.") (footnote omitted). Suggs never sought to withdraw the plea agreement, and he acquiesced in the ensuing delays until he filed his motion for discharge on June 14, 2000. Even if we were to assign responsibility to the State for the delay from April 14, 1998 through August 27, 1998, when Suggs moved for his first continuance, this time period is considerably less than the one-year deadline of Criminal Rule 4(C). Consequently, we reverse and remand for further proceedings.

Reversed and remanded.

KIRSCH, J., and BAILEY, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this cause on August 24, 2001, which reversed and remanded to the trial court;

Comes now the Appellant, by counsel, and files herein Motion to Publish, alleging therein that this Court should publish this decision because it involves a factual issue of unique legal interest, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds that the same should be granted and that this Court's opinion heretofore handed down in this cause marked Memorandum

---

4. *See Staples v. State,* 553 N.E.2d 141, 143 (Ind.Ct.App.1990):

> A trial court speaks through its docket which makes it necessary for the trial court to make a docket entry as to why a defendant's trial cannot be conducted on the date set. In fact, Crim. R. 4(C) requires the court to take notice of these facts. However-

> er, this procedure was not followed in this case. The docket is blank as to why the defendant was not tried.... Furthermore, if the trial court neglected to make a docket entry as to why the defendant could not be tried on the date set, then the State should have requested the trial court to make a docket entry. `

Decision, Not for Publication, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish is granted and this Court's opinion heretofore handed down in this cause on August 24, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.