**Charley POND, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–0310–CR–913.

Court of Appeals of Indiana.

May 20, 2004.

Transfer Denied Aug. 26, 2004.

Gregory B. Smith, Smith Law Office, P.C., Muncie, IN, F. Harrison Green, F. Harrison Green Co., L.P.A., Cincinnati, OH, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy

Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

In this interlocutory appeal, Charley Pond appeals the trial court's denial of his two motions to dismiss and raises the following restated issues:

I. Whether the trial court should have dismissed the charges against Pond on the basis that his arrest was invalid.

II. Whether Pond was entitled to discharge under Ind.Crim. Rule 4(C) because the State did not bring him to trial within one year of the date charges were filed against him.

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

At approximately 3:00 a.m. on May 23, 2002, Ball State Police Officer Michael Rehfus heard breaking glass in a vacant house. Officer Rehfus went to the house to investigate and discovered Pond, a Ball State student, in the house. Officer Rehfus ordered Pond to stop; however, Pond ran out the front door of the residence. Upon exiting the house, Pond encountered Ball State Officer Craig Hodson, accompanied by his canine companion, Boyka. According to Officer Hodson, he ordered Pond to stop, and when Pond did not do so, he released Boyka. Eventually, Boyka reached Pond and detained him until the officers arrived. Pond struggled, but the officers subdued and arrested him. Pond posted a recognizance bond that same day.

On June 11, 2002, Pond was charged in Muncie City Court with seven misdemeanors: striking a law enforcement animal,[1] criminal mischief,[2] two counts of disorderly conduct,[3] two counts of resisting law enforcement,[4] and public intoxication.[5]

On November 14, 2002, counsel for both parties appeared for a pretrial conference, and the court set a "disposition hearing" for February 13, 2003. *Appellant's Appendix* at 206. Thereafter, on December 3, 2002, Pond's then-attorney, James Schafer, mailed an unsigned plea agreement offer to Pond. *Appellant's Appendix* at 117, 131–32. Pond never signed the offer and, on January 2, 2003, Schafer withdrew his appearance. On January 30, 2003, attorneys Gregory B. Smith and F. Harrison Green entered their appearances on behalf of Pond. On February 19, 2003, Pond filed a motion to dismiss the charges against him on the basis that there was no probable cause for his arrest.

On March 13, 2003, the State filed a motion to transfer the cause to the Delaware Circuit Court. After the Muncie City Court granted the request, the Delaware Circuit Court accepted transfer. Thereafter, the State charged Pond in the Delaware Circuit Court (hereinafter the "trial court") with the same seven misdemeanors as it had alleged in the Muncie City Court. On May 9, 2003, Pond filed another motion to dismiss, again asserting that the arrest was made without probable cause and additionally claiming that the arrest was invalid because the Ball State

1. *See* IC 35–46–3–11(a)(1).

2. *See* IC 35–43–1–2(a)(1).

3. *See* IC 35–45–1–3(1), (2).

4. *See* IC 35–44–3–3(a)(1), (3).

5. *See* IC 7.1–5–1–3.

Police Officers lacked authority to arrest him.[6]

On June 30, 2003, the trial court held a hearing on Pond's motion to dismiss. At the hearing, Pond filed a motion to dismiss for failure to prosecute, alleging that he was entitled to discharge under Crim. R. 4(C). On July 21, 2003, the trial court denied both motions by separate written orders.

On July 28, 2003, the trial court set an October 6, 2003 trial date, over Pond's objection. Thereafter, Pond filed a motion to reconsider and to correct errors, requesting the trial court to review its decisions on the dismissal motions. Following an August 8, 2003 hearing, the trial court issued an order on September 9, 2003 confirming its July 21 rulings that denied the motions to dismiss. After the trial court certified the July 21 orders for appeal, this court accepted Pond's interlocutory appeal.

### DISCUSSION AND DECISION

At trial, Pond bore the burden of proving all facts necessary to his motions to dismiss. *Hollowell v. State*, 773 N.E.2d 326, 329–30 (Ind.Ct.App.2002). As such, Pond now appeals from a negative judgment. *Id.* We will reverse a negative judgment only if the evidence is without conflict and leads inescapably to the conclusion that Pond is entitled to a dismissal. *Id.; Lewis v. State*, 755 N.E.2d 1116, 1121 (Ind.Ct.App.2001).

### I. Invalid Arrest

Pond claims that the trial court should have dismissed the charges pending against him because his arrest was invalid in several respects: (1) Ball State University failed to properly authorize the establishment of a university police department; (2) the Ball State Police Officers were not authorized to exercise police powers outside the limits of the university campus; and (3) the criminal mischief arrest was made without probable cause because the officers did not witness the commission of the misdemeanor offense,[7] and, therefore, all other charges stemming from that arrest must be dismissed as well.

Even assuming that Pond is correct that the arrest was invalid, and we express no opinion on that issue, his claim of trial court error nevertheless fails. First, "lack of probable cause is not grounds for dismissing a charging information." *Flowers v. State*, 738 N.E.2d 1051, 1055 (Ind.2000). Although IC 35–34–1–4 allows a court to dismiss a defective indictment or information upon a motion of the defendant, it makes no provision for dismissal for lack of probable cause. Second, " 'An invalid arrest does not affect the right of the State to try a case nor does it affect the judgment of conviction.' " *Flowers*, 738 N.E.2d at 1055 (quoting *Felders v. State*, 516 N.E.2d 1, 2 (Ind.1987)). The legality or illegality of an arrest is pertinent only as it affects the admission of evidence obtained through a search incident to arrest and has no bearing upon one's guilt or innocence. *Felders*, 516 N.E.2d at 2; *see also State v. Palmer*, 496 N.E.2d 1337, 1340–41 (Ind.Ct.App.1986). The trial court properly denied Pond's motion to dismiss on the grounds of illegal arrest.

### II. Crim. R. 4(C)

Pond next claims that the trial court erred by failing to grant his motion to

---

6. Pond's motion requested relief under IC 35–34–1–4(a)(11), which authorizes dismissal on [a]ny other ground that is a basis for dismissal as a matter of law.

7. *See* IC 35–33–1–1(a)(4) (law enforcement officer may arrest person when the officer has probable cause to believe the person is committing or attempting to commit misdemeanor in officer's presence).

dismiss for failure to prosecute him within one year as required by Crim. R. 4(C), which reads in pertinent part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar ... Any defendant so held shall, on motion, be discharged.

■ The purpose of Crim. R. 4(C) is to facilitate early trials and not to discharge defendants. *State v. Hurst*, 688 N.E.2d 402, 408 (Ind.1997). However, the burden is on the State, not the defendant, to bring defendant to trial within one year. *Id.* " 'The one-year period commences with the date of arrest or filing of information, whichever is later.' " *State v. Suggs*, 755 N.E.2d 1099, 1102 (Ind.Ct.App.2001) (*quoting Isaacs v. State*, 673 N.E.2d 757, 762 (Ind.1996)). The one-year time period should be extended because of a defendant's actions only if the defendant does something that is inconsistent with being brought to trial by the trial date or within one year. *Id.; see also Haward v. State*, 703 N.E.2d 1118, 1120 (Ind.Ct.App.1999) (period fixed by rule is extended only by period of delay chargeable to defendant). For instance, the one-year period is extended by any delay due to: 1) a defendant's motion for a continuance; 2) a delay caused by the defendant's act; or 3) congestion of the court calendar. *Suggs*, 755 N.E.2d at 1102. In this case, charges

were filed against Pond on June 11, 2002; therefore, the State had a duty to bring Pond to trial on or before June 11, 2003, unless the period was tolled by a delay chargeable to him.

■ Pond asserts that he never requested a continuance or otherwise acquiesced in any delay, and, therefore, the State was required, but failed, to try him by June 11, 2003. He further maintains court congestion did not cause the delay, as the October 2003 trial was not set until July 28, 2003, which was after the expiration of the one-year period, and only thereafter, on August 8, 2003, did the trial court note court congestion as a reason for the October 2003 trial setting. *Appellant's Appendix* at 101, 116.

The State's position is that Pond engaged in plea negotiations in the Muncie City Court, which tolled the one-year period. The trial court agreed, stating in pertinent part:

[T]he CR4 time period was extended when the defendant requested a disposition date of February 13, 2003.[8] Court believes that the CR4 time period was extended from that date until July 21, 2003, when the Court denied the defendant's Motion to Dismiss.

*Appellant's Appendix* at 116. Pond responds that, at most, he engaged in informal plea negotiations, which, by law, do not toll the one-year period. We agree with Pond.

In denying Pond's Crim. R. 4(C) motion, the trial court relied upon *Miller v. State*, 650 N.E.2d 326, 329 (Ind.Ct.App.1995), *trans. denied*. There, Miller was arrested on March 18, 1992. A trial date was initially set for June 16, 1992, but reset to August 24, 1992. At an August 17, 1992 Muncie City Court set a dispositional hearing.

8. We note that there is no evidence in the record before us that Pond requested that the

pretrial conference, Miller informed the trial court that he had reached and entered into a plea agreement with the State, and the trial was postponed. On February 16, 1993, the plea agreement was filed in the court. At the March 10, 1993 sentencing hearing, the trial court rejected the plea and reset the trial to July 27, 1993. On the same day as his trial began, Miller filed a motion for discharge under Crim. R. 4(C). The court denied Miller's motion, and he was convicted. On appeal, we affirmed the trial court's decision and held that the one-year period under Crim. R. 4(C) was extended during the period between August 17, 1992 (when the court was informed of a plea agreement) and March 10, 1993 (when the court rejected the plea agreement). *Id.* We determined that "his actions of agreeing to a plea caused a delay in the scheduling of his trial." *Id.*

■ Here, in contrast to *Miller*, no agreement was filed or, in fact, even reached. The only evidence of plea negotiations in the record before us is an unsigned plea offer that Pond's then-counsel mailed to him in December 2002. The date for the disposition hearing in the Muncie City Court, February 13, 2003, came and went without event, hearing, or disposition.[9] Six days later, Pond's counsel filed a motion to dismiss for lack of probable cause. At a March 6, 2003 pretrial conference, Pond's counsel expressly notified the prosecutor that they could not recommend any plea to Pond as they believed the charges to be "unsupportable" and requested "outright dismissal" of the charges against Pond. *Appellant's Appendix* at 133.

We find these facts more akin to *State v. Smith*, 495 N.E.2d 539 (Ind.Ct.App.1986).

There, Smith was charged in Tippecanoe County Court on March 14, 1984. Eventually, the State dismissed the charges; however, prior to dismissal, the State initiated another cause in Tippecanoe Superior Court and filed identical charges against Smith. On March 25, 1985, Smith filed a motion to dismiss requesting discharge because he was not brought to trial by March 16, 1985, one year after the initial charges were filed. The State opposed Smith's request for discharge on the grounds that it had not scheduled trial because it was awaiting Smith's response to the State's plea bargain offer. The trial court granted the discharge, and the State appealed.

On appeal, we agreed with the trial court. We observed that "there is no written documentation of the plea negotiations or their progress, and an agreement was never reduced to writing." *Id.* at 541. Reasoning that if a defendant is considered to abandon his or her right to be brought to trial in one year simply because he or she engages in informal plea negotiations with the State, then "virtually every defendant" would sacrifice his or her right to be tried within a year. *Id.* at 542. Therefore, we held that it must appear that the defendant's acts caused an actual delay in the scheduling of his trial. *Id.* Because Smith's informal plea negotiations with the State, whatever their duration, did not cause an actual delay or prevent the State from scheduling a trial, he was entitled to discharge. *Id.*

As in *Smith*, no agreement was reached or filed here. Further, Pond's informal plea negotiations in November and December 2002 occurred well before July 28, 2003, when the trial court set the October 2003 trial date. Accordingly, Pond's acts

---

9. We note, When a record is silent concerning the reason for a delay, it is not attributable to the defendant. *Suggs*, 755 N.E.2d at 1103 (where CCS was silent as to why trial and guilty plea hearing were not held on scheduled dates).

did not cause a delay in scheduling his trial, and he was entitled to discharge. *Cf. Suggs,* 755 N.E.2d at 1103 (defendant who reported existence of agreement with the State, filed plea recommendation, and sought multiple continuances not entitled to discharge under Crim. R. 4(C)).

We likewise find that Pond's motions to dismiss did not cause a delay in trial. In *Hurst,* our supreme court addressed whether a defendant's filing of a motion to dismiss on double jeopardy grounds extended the one-year period under Crim. R. 4(C). There, Hurst was charged in December 1994. He filed his motion to dismiss in March 1995, before a trial date had been set. Eventually, the trial court granted the motion and dismissed the pending charge. 688 N.E.2d 402, 406–07.

On appeal, our supreme court acknowledged that a defendant who files multiple pre-trial motions or files a motion to dismiss on or just before trial is to begin could be considered to have caused a delay in the trial. *Hurst,* 688 N.E.2d at 407–08. However, the court found those situations distinguishable from the case before it, stating, [D]efendant's singular motion to dismiss in this case did not cause a delay. Defendant filed the motion at the early end of the time period and before a trial date was set. *Id.* at 408. The court continued, A defendant with a meritorious dismissal claim should not have to worry that the bringing of such a claim will toll his Criminal Rule 4(C) rights indefinitely. *Id.*

Here, Pond filed each of his motions to dismiss for invalid arrest (one in the Muncie City Court and the other in the trial court) before July 2003, when the trial court set the October 2003 trial date. In fact, the trial court had already denied Pond's motions before setting a trial date. In these circumstances, we find that Pond

did not cause a delay in the scheduling of the trial. Accordingly, he was entitled to discharge.

Affirmed in part, reversed in part.

NAJAM, J., and RILEY, J., concur.