**Delmar CALDWELL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 75A03–0908–CR–393.

Court of Appeals of Indiana.

March 22, 2010.

David P. Matsey, Millbranth & Bush, Valparaiso, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Delmar Caldwell ("Caldwell") brings this interlocutory appeal of the trial court's order denying his motion for discharge under Indiana Criminal Rule 4(C). Caldwell raises the following issue, which we restate as: whether the trial court erred by finding that the one-year period in which to bring Caldwell to trial for an offense alleged to have occurred in July of 2007 had not begun to run until he was

ordered to appear by summons for his initial hearing on February 13, 2009.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On July 4, 2007, Indiana State Trooper Jason Ginder arrested Caldwell for operating a vehicle while intoxicated. Caldwell remained in custody at the Starke County Jail until he was released on his own recognizance on July 6, 2007. On July 10, 2007, the State filed a multiple count information against Caldwell related to the events of July 4, 2007. The trial court issued a warrant for Caldwell's arrest, listing Caldwell's correct address, and set bond in the amount of $5,000.00. The clerk of the court prepared the warrant, but reduced the bond amount to personal recognizance, placed the warrant in the file, but did not send it to the Starke County Sheriff's Department for execution.

On January 19, 2009, the State requested an initial hearing in the matter, with a summons to be issued for Caldwell's appearance. The clerk of the court prepared the summons, but did not deliver it to the Starke County Sheriff's Department Office for service. Caldwell, who learned from a friend that his name was on the court docket, voluntarily appeared at the initial hearing on February 13, 2009 along with counsel and entered not guilty pleas to the charges. At the hearing, Caldwell provided the same address that was listed on the warrant for him from 2007. The trial court recalled all warrants for Caldwell's arrest, set several pretrial dates, and set the matter for jury trial on April 29, 2009.

On April 9, 2009, Caldwell filed a motion for discharge under Criminal Rule 4(C), alleging that the State failed to bring him to trial within one year and that there were no delays chargeable to Caldwell.

The trial court set the matter for a hearing on the motion and, on July 14, 2009, denied Caldwell's motion. Caldwell now brings this interlocutory appeal.

## DISCUSSION AND DECISION

### I. Motion For Discharge

Caldwell claims that the trial court abused its discretion by denying his motion for discharge under Criminal Rule 4(C) because he was not brought to trial within the one-year limit of the rule. Criminal Rule 4(C) provides, in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

Under this rule, a defendant may seek and be granted a discharge if he is not brought to trial within the proper time period. *State v. Delph,* 875 N.E.2d 416, 419 (Ind. Ct.App.2007), *trans. denied.* "The purpose of Criminal Rule 4(C), however, is to create early trials and not to discharge defendants." *Id.* "If a defendant seeks or acquiesces in any delay that results in a later trial date, the time limitations set by Criminal Rule 4 are extended by the length of such delays." *Id.*

The duty to bring a defendant to trial within one year is an affirmative one which rests with the State, and the defendant is under no obligation to remind the court of the State's duty. *State v. Suggs,* 755 N.E.2d 1099, 1102 (Ind.Ct.App.2001).

The one-year time limitation of the rule commences with the latter of two events, the date of defendant's arrest or the filing of the information. *Id.* By the rule's own terms, the one-year period is extended by any delay due to: 1) a defendant's motion for a continuance; 2) delay caused by the defendant's act; or 3) congestion of the court calendar. *Id.* "When a record is silent concerning the reason for a delay, it is not attributable to the defendant." *Id.* at 1103. The trial court must make the factual determination of whether delays in the scheduling of the trial have occurred and to whom the delays are charged. *State v. Smith,* 495 N.E.2d 539, 541 (Ind. Ct.App.1986). Delays that are caused by action taken by the defendant are chargeable to the defendant whether or not a trial date has been set. *Cook v. State,* 810 N.E.2d 1064, 1067 (Ind.2004).

Here, Caldwell was arrested on July 4, 2007, and the charges against him were filed on July 10, 2007. Caldwell argues here, as he did in the hearing on his motion, that the latter of the two events was the July 10, 2007 filing of charges against him. Accordingly, under Criminal Rule 4(C), the State was required to bring Caldwell to trial by July 10, 2008. The State, however, downplays Caldwell's July 4, 2007 arrest and release on his own recognizance, arguing that the latter of the dates triggering application of the rule was Caldwell's appearance at the initial hearing on February 13, 2009.

The State cites to *State ex rel. Penn v. Criminal Court of Marion County, Division III,* 270 Ind. 687, 389 N.E.2d 21 (1979), to support its position. In *Penn,* the defendant was arrested for homicide in April of 1975, released on bond, and the indictment against him was returned in August of 1975. The arrest warrant on the indictment was not issued until March 10, 1978, and the defendant was arrested on the warrant in April of 1978. Our

Supreme Court held that the later of the two events triggering the commencement of the time period set out in Criminal Rule 4(C), was the defendant's "arrest on the formal charges" in April of 1978. 389 N.E.2d at 22–23. In reaching its decision upholding the trial court's denial of the defendant's motion for discharge, our Supreme Court cited to *Holt v. State,* 262 Ind. 334, 316 N.E.2d 362 (1974) and *Maxey v. State,* 265 Ind. 244, 353 N.E.2d 457 (1976).

In *Holt,* the defendant committed murder on February 21, 1972 and was arrested on February 25, 1972. He was indicted for his crime on March 24, 1972, and his jury trial commenced on March 10, 1973, resulting in the defendant's conviction. Although the motion for discharge in *Holt* was brought under Criminal Rule 4(A), the one-year period is activated in the same way as Criminal Rule 4(C), by the latter of the two events: 1) the filing of a charge, or 2) an arrest on the charge. *See Penn,* 389 N.E.2d at 22. In making its determination that the period of the rule had expired prior to the defendant's trial, thus requiring the defendant's release, the Supreme Court noted that the time period of the rule began on March 24, 1972, the latter of the two events spelled out in the rule. *Holt,* 316 N.E.2d at 363.

In *Maxey,* the defendant committed murder on September 16, 1974, was arrested for the offense, and the indictment against the defendant was filed on November 14, 1974. The defendant's jury trial was set for March 17, 1975, but on the morning of the trial, the State, noticing that the date of the alleged offense in the indictment was inaccurate and that an alibi defense had been filed, moved to dismiss the charges. The State then filed a new information against the defendant alleging the correct date of the offense. In finding that the time period of Indiana Criminal Rule 4(A) had not yet expired when the

defendant filed his motion for discharge, our Supreme Court noted that the period of the rule was activated by the filing of the indictment on November 14, 1974, the latter of the two events.

Here, there are two triggering events: Caldwell's arrest on July 4, 2007 and the filing of charges on July 10, 2007. Thus, the latter of the two triggering events was the date the charges were filed. It was on this date that the one-year period set out in Crim. Rule 4(C) began to run. Under the plain language of the rule, the one year period expired before the State brought him to trial.

In *Holt* and in *Maxey*, the defendants were arrested prior to the filing of the indictments against them for their crimes. The time for purposes of Crim. R. 4(C) began to run from the date of the filing of the charges because that date was the latter of the two triggering events. The same is true here. In *Penn*, the defendant was arrested subsequent to the filing of the charges. Here, however, unlike in *Penn*, there was no arrest subsequent to the filing of the charges. Thus, here, the time runs from the date the charges were filed. Thus, we respectfully disagree with our Supreme Court's decision in *Penn*, in favor of the holdings in *Holt* and *Maxey*.

The State argues that Caldwell's voluntary appearance at the initial hearing was the first time he was under the authority of the court and that the time for Crim. R. 4(C) should begin at this time. *Appellee's Br.*, 7. We reject the State's argument for a number of reasons.

First, there are only two triggering events in Crim. R. 4(C)—the arrest and the filing of charges. The defendant's voluntary appearance at an initial hearing is not a triggering event.

Second, the State's argument is contradicted by the record. Following Caldwell's arrest, he was not released from the Starke County Jail outright; rather, he was released on his own recognizance relating to the offense alleged to have been committed on July 4, 2007. The record reveals that the procedure the Stark County Clerk's Office follows when a defendant has been arrested and then bonds out or is released on his own recognizance prior to the filing of charges, is to retain the warrant issued on those charges in the file so that the defendant is not arrested twice on the same charges. *Appellant's App.* at 76. Further, at the hearing, Caldwell's counsel argued, and the State did not contradict, that Caldwell's driver's license had already been suspended for one year after the charges were filed, and before Caldwell's initial hearing in February of 2009. Caldwell was not, as the State argues, a free man in every respect when he was released on his own recognizance from the Starke County Jail on July 6, 2007, and he was at all times under the authority of the court.

Finally, under the State's argument, the State's delay in effecting a second arrest subsequent to the filing of the formal charges would extend the commencement of the one-year period indefinitely and would undermine the very purpose that Crim.R. 4(C) was designed to accomplish—the constitutional guaranty of a speedy trial.

The charges against Caldwell were filed on July 10, 2007. Since that was the latter of the two events activating the time period of Criminal Rule 4(C), the State was required to bring Caldwell to trial by July 10, 2008. It did not do so. We conclude, therefore, that the trial court erred by denying Caldwell's motion for discharge.

Reversed.

DARDEN, J., and MAY, J., concur.