**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRISTINE L. ST. JOHN**
Rhine-Ernest
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN R. HOLLINGSWORTH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 26A04-1210-CR-498 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

INTERLOCUTORY APPEAL FROM THE GIBSON SUPERIOR COURT
The Honorable Donald G. Hendrickson, Senior Judge and Special Judge
Cause No. 26D01-1102-FC-2

**June 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

In this discretionary interlocutory appeal, Stephen R. Hollingsworth appeals the trial court's denial of his motion for discharge pursuant to Indiana Criminal Rule 4(C) and the United States and Indiana Constitutions because his trial occurred more than one year after he was charged and arrested. Concluding that Hollingsworth was tried within one year after accounting for the delays attributable to him, we affirm the trial court.

## Facts and Procedural History

On February 1, 2011, the State arrested and charged Hollingsworth with Class C felony child molesting arising out of an incident that allegedly occurred at Bethel Memorial Church in Princeton, Indiana. Appellant's App. p. 12. The trial court scheduled a preliminary hearing for February 9, 2011. Defense counsel moved for a continuance because she would be out of town on February 9. The court continued the preliminary hearing until the next day, February 10.

The preliminary hearing was held on February 10, at which time the trial court scheduled a progress hearing for March 23. But on March 17, defense counsel moved to continue the progress hearing, and the trial court rescheduled it for April 13, which was 21 days after the original March 23 date.

The progress hearing was held on April 13, at which time Hollingsworth entered a not guilty plea, trial was set for July 25, the omnibus date and a pretrial conference was set for July 13, and a progress hearing was set for June 1. At the June 1 progress hearing, the trial court noted that the trial and pretrial dates remained the same but that according to counsel, discovery was still "ongoing." *Id.* at 4.

At the July 13 pretrial conference, defense counsel told the trial court that Hollingsworth was not willing to accept the State's offer and he would be filing a motion to suppress. Accordingly, the court told defense counsel to file the motion before July 18, vacated the July 25 trial date, and scheduled another pretrial conference for August 25. Hollingsworth did not object.

Defense counsel, however, filed the motion to suppress over a month later on August 24, the day before the pretrial conference. At the August 25 pretrial conference, the trial court set a hearing on Hollingsworth's motion to suppress for September 29.

At the September 29 hearing on Hollingsworth's motion to suppress, the trial court denied the motion and set a progress hearing for October 27.

At the October 27 progress hearing, the trial court scheduled a jury trial for approximately four months later, February 22, 2012, with a pretrial conference on February 8. Notably, Hollingsworth did not object although he later argued at the hearing on his motion to suppress that the February 2012 trial date was "three weeks beyond the one-year trial date." Tr. p. 25. At the February 8 pretrial conference, defense counsel informed the trial court that no agreement had been reached and Hollingsworth wished to proceed to trial. The court set the final pretrial conference for February 13.

The parties appeared before the trial court on February 13 and said that there may be a resolution to the case. Accordingly, the court set another hearing for two days later. The CCS entry for February 15 provides:

> Parties appear. Court is advised the Defendant waives his right to trial by jury and there is an agreement between the State and the Defendant but sentencing will be left open to the Court. Defendant pleads guilty to the [new] charge of Battery with Bodily Injury with a Person under the Age of

3

14, as a Class D felony.[1]  Court schedules sentencing hearing for February 22, 2012 at 11:00 a.m.  Defendant ordered to appear.  Probation Department is ordered to prepare a Pre-Sentence Investigation Report.  Court notes the Class C felony will be dismissed at sentencing so long as a factual basis can be established and the Court accepts the agreement on the D felony.

Appellant's App. p. 5-6.

The parties appeared before the trial court on February 22, at which time Hollingsworth was informed of the new charge, battery resulting in bodily injury to a person less than fourteen years old.  Defense counsel requested a continuance; the trial court granted the continuance and set a progress hearing for April 2.  The CCS entry for April 2 provides:

> Court is informed of a charge bargain whereby the Defendant will plead guilty to Battery on a Child and sentencing will be left to the Court.
> Defendant, after being advised of all constitutional rights and other matters as required by law, voluntarily and knowingly waives those rights and pleads guilty to Battery on a Child, a Class D felony (Count II).
> The Court finds a factual basis for said plea and takes the Defendant's plea of guilty under advisement.  Court schedules sentencing hearing on May 7, 2012 at 1:00 p.m. and orders the Defendant to appear.  The Defendant reserves the right to have conviction entered as a misdemeanor and the State reserves the right to object. . . .  Court orders the Probation Department to amend the Pre-Sentence Report to reflect the Class D Felony Count.

*Id.* at 6.

At the May 7 sentencing hearing, the State asked that the plea be set aside and the case proceed on the original charge of Class C felony child molesting.[2]  The trial court dismissed the new charge and ordered that Hollingsworth's previous admission to the

---

[1] The State added this new charge on February 21, 2012.  Appellant's App. p. 6.

[2] The record does not reflect the reason for the State's request.  Hollingsworth does not make a separate argument on appeal regarding the State's decision to back out of the parties' plea deal.

4

new charge be "held for naught." *Id.* at 7. The court then granted Hollingsworth's oral motion for a special prosecutor and set a progress hearing for June 11. On May 9, Hollingsworth filed a written motion for appointment of a special prosecutor, and the State filed a petition for appointment of a special prosecutor. The basis of the State's petition was that the prosecutor attended Bethel Memorial Church, which is where the crime allegedly occurred. The court granted the State's petition and appointed Michael J. Perry of Vanderburgh County as the special prosecutor in this case.

On May 15, defense counsel was granted a continuance of the June 11 progress hearing to June 14. Then, on June 11, the State was granted a continuance of the June 14 progress hearing to June 20. *Id.* at 8, 9. The parties appeared on June 20, at which time the special prosecutor said that he felt "further discussions would be appropriate." *Id.* at 8. Accordingly, the trial court continued the progress hearing until July 19.

In the meantime, on July 2, Hollingsworth filed a motion for discharge pursuant to Indiana Criminal Rule 4(C) and the United States and Indiana Constitutions. The State filed a response. The trial court said the motion would be argued at the already-scheduled July 19 hearing. At this hearing, however, the trial judge recused himself. The Honorable Donald G. Hendrickson was appointed special judge on July 25.

Hollingsworth's motion for discharge was argued on August 3. The trial court denied the motion on August 13:

> The Court does not find the Defendant has requested a [s]peedy trial nor objected to any progress dates or trial dates assigned by the Court with the concurrence of the attorneys of record. The Court finds approximately 458 days have elapsed from February 1, 2011, the day of the arrest and bond of the defendant, to the day the motion for discharge was filed by the

5

defendant on July 2, 2012.[3]  The Court further finds the progress of this case has moved forward 196 days and has been delayed 262 days.  Those 262 delayed days are attributed to the defendant or by the concurrence of the defendant and the State.[4]  The congestion of the Court calendar, the availability of attorney, has decreased the available timing of progress dates and hearings.  Neither party has recorded an objection of any assigned date provided by the Court.

 The Court finds the rights of the defendant to a speedy trial have not been prejudiced.  The Defendant['s] motion for discharge is hereby denied.

Appellee's App. p. 20-21.

This discretionary interlocutory appeal pursuant to Indiana Appellate Rule 14(B) now ensues.

## Discussion and Decision

Hollingsworth contends that the trial court erred in denying his motion for discharge because his trial occurred more than one year after he was charged and arrested.  Hollingsworth makes his argument under both Indiana Criminal Rule 4(C) and the United States and Indiana Constitutions.

## I. Criminal Rule 4(C)

A defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution.  *Bostic v. State*, 980 N.E.2d 335, 339 (Ind. Ct. App. 2012).  Indiana Criminal Rule 4 implements this speedy-trial right.  *West v. State*, 976 N.E.2d 721, 722 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*.  In relevant part, Criminal Rule 4 provides:

---

[3] This calculation is wrong.  There are actually 517 days from February 1, 2011, to July 2, 2012 (not including the end date when doing date-to-date calculations on www.timeanddate.com).

[4] The trial court tallied up the 262 days in an attachment to its order.  *See* Appellant's Br. p. 32-33 (Attachment A).

**(C) Defendant Discharged.** No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

\* \* \* \* \*

**(F) Time periods extended.** When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby.

We review a trial court's ruling on a Criminal Rule 4(C) motion for abuse of discretion. *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011).

Criminal Rule 4(C) "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). The one-year period is extended by any delay due to: (1) a defendant's motion for a continuance; (2) a delay caused by the defendant's act; or (3) congestion of the court calendar or emergency. *Curtis*, 948 N.E.2d at 1149; *Cook*, 810 N.E.2d at 1065; *Isaacs v. State*, 673 N.E.2d 757, 762 (Ind. 1996). "[W]hen a defendant takes action which delays the proceeding, that time is chargeable to the defendant and extends the one-year time limit, regardless of whether a trial date has been set at the time or not." *Cook*, 810 N.E.2d at

7

1066-67. "A defendant extends the one-year period by seeking or acquiescing in delay resulting in a later trial date." *Pelley v. State*, 901 N.E.2d 494, 498 (Ind. 2009), *reh'g denied*. "The objective of the rule is to move cases along and to provide the defendant with a timely trial, not to create a mechanism to avoid trial. *Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000).

Hollingsworth was charged and arrested on February 1, 2011. Criminal Rule 4(C) therefore required that Hollingsworth be brought to trial within 365 days, or by February 1, 2012, unless Hollingsworth or trial court congestion or emergency caused the delays. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999), *reh'g denied*. Hollingsworth filed his motion for discharge on July 2, 2012, 517 days after he was charged and arrested. The trial court found 262 days attributable to Hollingsworth. Hollingsworth, however, argues that only 58 days are attributable to him; therefore, the trial court erred in denying his motion for discharge. In order to determine whether the trial court erred in denying Hollingsworth's motion for discharge, it is necessary to identify only those delays attributable to him and to court congestion or emergency. *Carr v. State*, 934 N.E.2d 1096, 1100 (Ind. 2010), *reh'g denied*.

We start with the two time periods that Hollingsworth essentially concedes are attributable to him. First, defense counsel requested a continuance of the preliminary hearing from February 9 to February 10, 2011, resulting in a 1-day delay attributable to Hollingsworth. Appellant's Br. p. 9. Second, defense counsel moved to continue the progress hearing from March 23 to April 13, 2011, resulting in a 21-day delay

attributable to Hollingsworth. *Id.* We thus start our analysis with 22 days attributable to Hollingsworth.

In addition to these two time periods, there is another period of delay that Hollingsworth claims does not matter whether we attribute it to him. *Id.* at 10. That is, defense counsel informed the trial court at the July 13 pretrial conference that Hollingsworth would be filing a motion to suppress. This notification was a mere 12 days before the then-scheduled July 25 trial. The court told defense counsel to file the motion before July 18 and vacated the July 25 trial.

Defense counsel, however, filed the motion to suppress over a month later on August 24. The hearing on Hollingsworth's motion to suppress was held on September 29, at which time the trial court denied it. Hollingsworth claims that even if we charge him with the days from August 24, the date he filed the motion to suppress, to September 29, the date the trial court denied the motion, it amounts to only 37 days. *See Curtis*, 948 N.E.2d at 1150 ("[A] motion to suppress is not automatically considered a delay attributable to the defendant under Rule 4(C) . . . . The setting of a trial date is not determinative of what delays are chargeable to the defendant, but a pretrial motion's proximity to a set trial date weighs in favor of attributing a delay to a defendant." (quotation and citation omitted)). Given the motion's proximity to the set trial date, we agree that this delay should be charged to Hollingsworth. But we find that the delay started earlier on July 13, when defense counsel told the trial court that Hollingsworth would be filing a motion to suppress and the trial court vacated the July 25 trial date—and not on August 24, when he actually filed the motion to suppress. Thus, the 78 days

9

from July 13 to September 29, 2011, are attributable to Hollingsworth, bringing the total to 100 days.[5]

At the next hearing—a progress hearing held on October 27, 2011—the trial court rescheduled the jury trial for approximately four months later, February 22, 2012. Hollingsworth did not object. It appears that the trial was rescheduled because of Hollingsworth's motion to suppress, which Hollingsworth notified the court of a mere 12 days before the then-scheduled July 25 trial.[6] If a defendant seeks or acquiesces in a delay, the one-year limit is extended by the length of such delay. *Todisco v. State*, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012), *trans. denied*. Accordingly, the State argues that this period of delay should be attributed to Hollingsworth. We agree. Since Hollingsworth did not object when the trial court rescheduled the trial from July 25, 2011, to February 22, 2012, because of his last-minute motion to suppress, the resulting delay is chargeable to him. Accordingly, the 146 days between September 29, 2011— when the trial court denied Hollingsworth's motion to suppress—and February 22,

---

[5] Hollingsworth claims that the delay from the motion to suppress should not be charged to him because of "discovery issues." Appellant's Br. p. 9; *see also State v. Black*, 947 N.E.2d 503, 508 (Ind. Ct. App. 2011) ("To put the defendants in a position whereby they must either go to trial unprepared due to the State's failure to respond to discovery requests or be prepared to waive their rights to a speedy trial, is to put the defendants in an untenable situation." (quotation omitted)). Because Hollingsworth did not fully develop this issue and the only evidence in the record is that defense counsel filed two pretrial discovery motions (February 15 and May 10, 2011) and discovery was still "ongoing" on June 1, 2011, Appellant's App. p. 4 (CCS entry), we do not find this argument persuasive.

[6] Hollingsworth argues that when a record is silent concerning the reason for a delay, it is not attributable to the defendant. *See Caldwell v. State*, 922 N.E.2d 1286, 1289 (Ind. Ct. App. 2010), *trans. denied*. Although the CCS does not specifically state why the trial court vacated the July 25, 2011, trial and rescheduled it for February 22, 2012, *see* Appellant's App. p. 4 (July 13, 2011, CCS entry provides: "Counsel further advises that she will be filing a Motion to Suppress. Court directs counsel to file said Motion by July 18, 2011. Court vacates the Trial date of July 25 . . . ."), it can reasonably be inferred that the trial court changed the date because defense counsel told the court a mere 12 days before the July 25 trial that Hollingsworth would be filing a motion to suppress (but then did not file the motion to suppress until one month after July 25).

2012—the new trial date—are attributable to Hollingsworth, bringing the total to 246 days.

On February 15, 2012, Hollingsworth and the State entered into a plea agreement, and the trial court set sentencing for February 22, at which time the Class C felony would be dismissed so long as a factual basis was established and the court accepted the parties' agreement on the Class D felony. On February 22, the trial court granted Hollingsworth's continuance of the sentencing hearing and scheduled a progress hearing for April 2. On April 2, Hollingsworth pled guilty to the Class D felony, a factual basis was taken, and the trial court took the plea under advisement and scheduled sentencing for May 7. Because Hollingsworth requested the continuance, the 75-day delay from February 22 to May 7, 2012, is attributable to Hollingsworth, bringing the total to 321 days. *See also* Appellant's Br. p. 21.

Finally, Hollingsworth requested a continuance of the June 11, 2012, progress hearing, which the trial court rescheduled for June 14. Thus, the 3-day delay from June 11 to June 14, 2012, is attributable to Hollingsworth, bringing the total to 324 days.

Because 324 days are chargeable to Hollingsworth, the one-year period in Criminal Rule 4(C) is extended by these 324 days. Adding 324 days to January 31, 2012, establishes that the one-year period would not have expired until December 20, 2012. Hollingsworth filed his motion for discharge on July 2, 2012. Accordingly, the trial court did not abuse its discretion in denying Hollingsworth's motion for discharge pursuant to Criminal Rule 4(C).

## II. Constitutional Right to a Speedy Trial

11

Hollingsworth, however, also argues that his constitutional right to a speedy trial was violated under the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution. In evaluating whether a delay has violated a defendant's constitutional rights, we review issues of fact using a clear-error standard and questions of law de novo. *Fisher v. State*, 933 N.E.2d 526, 530 (Ind. Ct. App. 2010).

The inquiry as to whether a defendant has been denied a speedy trial under the Sixth Amendment involves balancing a number of factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) any resulting prejudice to the defendant. *Id.* "[N]one of the four factors . . . [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker v. Wingo*, 407 U.S. 514, 533 (1972). Indiana has employed the same balancing test to evaluate speedy-trial claims under our state constitution. *Fisher*, 933 N.E.2d at 530 (citing *Sturgeon v. State*, 683 N.E.2d 612, 616 (Ind. Ct. App. 1997), *trans. denied*).

Although Hollingsworth does not separately analyze the four factors in his Appellant's Brief and therefore can be said to have waived this issue, we will briefly address the factors.

### A. Length of Delay

To trigger a speedy-trial analysis, an accused must allege that the interval between accusation and trial crossed the threshold dividing ordinary delay from "presumptively prejudicial" delay since, by definition, he cannot complain that the government has

12

denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *see also* 5 Wayne R. LaFave, *Criminal Procedure* § 18.2(b) (3d ed. 2007) ("In determining whether the requisite period of time has passed, it is necessary of course to know how the counting is to be done. In the usual case, this is simply a matter of calculating the time which has elapsed from when the Sixth Amendment right attached until trial (or, until the pretrial motion to dismiss on this ground is determined)." (footnotes omitted)).

Here, Hollingsworth was arrested and charged on February 1, 2011, and he filed his motion for discharge on July 2, 2012, approximately eighteen months later. This is sufficient to trigger a *Barker* analysis. *See Sturgeon*, 683 N.E.2d at 616 (holding that an eighteen-month delay was "presumptively prejudicial.").

### B. Reason for Delay

We have already determined that Hollingsworth is responsible for 324 of the 517 days as a result of his continuances, motion to suppress, and acquiescence when the trial court vacated the July 2011 trial and rescheduled it to February 2012 as a result of his motion to suppress. Accordingly, the delay was caused more by Hollingsworth than the State. *See McCloud v. State*, 959 N.E.2d 879, 887 (Ind. Ct. App. 2011), *trans. denied*.

### C. Hollingsworth's Assertion of his Right to a Speedy Trial

Hollingsworth did not assert his right to a speedy trial until July 2, 2012, nearly eighteen months after he was arrested and charged. Moreover, Hollingsworth did not object when the trial court vacated the July 2011 trial and rescheduled it to February 2012, nor did he assert his right to a speedy trial then. *See Sweeney v. State*, 704 N.E.2d

86, 102 (Ind. 1998). Notably, at the hearing on his motion to suppress, Hollingsworth argued that in October 2011 when the trial court rescheduled the trial for February 2012, the court set the trial for "three weeks beyond the one-year trial date." Tr. p. 25.

### *D. Prejudice*

Finally, prejudice is assessed in light of the three interests that the right to a speedy trial was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *McCloud*, 959 N.E.2d at 887. The burden of demonstrating actual prejudice is on the defendant. *Id.*

Hollingsworth has not suffered from pretrial incarceration because he bonded out of jail almost immediately after his arrest. *See* Appellant's App. p. 2-3. Although Hollingsworth alleges that he has suffered anxiety over the pending trial because of the nature of a child-molesting charge, Hollingsworth has not demonstrated that he suffered any particular or exceptional anxiety that was exacerbated by the delay in this case. Last, Hollingsworth has not alleged that the delay in this case impaired his ability to present a defense.

Based on the four *Barker* factors, we conclude that Hollingsworth's federal and state constitutional rights to a speedy trial were not violated. Accordingly, the trial court did not err in denying Hollingsworth's motion for discharge under the Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution.

Affirmed.

KIRSCH, J., and PYLE, J., concur.

14