STATE OF INDIANA *v.* ERNEST W. HENRY.

[No. 1-974A141. Filed February 27, 1975.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

*Melvin R. Lind, David H. Coleman, Lind, Deckard, O'Brien & Lawson,* of Danville, for appellee.

PER CURIAM.—The State appeals from the trial court's granting of Henry's motion for discharge pursuant to Indiana Rules of Procedure, Criminal Rule 4.

We find that the trial court erred.

On April 23, 1973, Henry was charged with three counts of carrying a firearm without a permit and was released on his own recognizance. On August 1, 1973, the State filed a praecipe for trial, advising the court that, under CR. 4, the time limit for prosecution ended on April 23, 1974. A copy of the praecipe was served on counsel for the defendant. On January 15, 1974, the trial court set the cause for trial on April 29, 1974.

On April 25, 1974, Henry filed a motion for discharge pursuant to CR. 4(C), reciting that more than a year had elapsed since he had been charged. On May 29, 1974, this motion was denied and trial was begun.

After conclusion of the State's case in chief, the evidence of Henry and a portion of the State's rebuttal, the trial court reconsidered and sustained the motion.

From this judgment, the State appeals.

It cannot be disputed that Henry's trial date was set beyond the one year period specified by CR. 4(C). However, it is also apparent that Henry had three months in which to call the error to the court's attention but failed to do so until two days after the expiration of the period upon his motion for discharge. Such inaction is a waiver of the right to discharge under CR. 4. *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552; *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Layton* v. *State* (1973), 261 Ind. 251, 301 N.E.2d 633.

Appeal sustained.