LEONARD WILSON *v*. STATE OF INDIANA.

[No. 3-875A185. Filed April 26, 1977.]

A. *Martin Katz, Katz & Brenman,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *James N. Shumacker,* Deputy Attorney General, for appellee.

GARRARD, J.—This is a speedy trial case arising under Indiana Rules of Procedure, Criminal Rule 4(C) as it existed prior to the 1974 amendments. *See, Moreno* v. *State* (1975), 166 Ind. App. 441, 336 N.E.2d 675. We find it was error for the court to deny Wilson's motion for discharge.

Wilson was arrested on a charge of theft and released on recognizance in April 1973. At that time CR. 4(C) provided,

"No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than one year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except [where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.]"

It is not contended that Wilson sought a continuance or that delay was caused by a congested calendar. Wilson was arraigned on July 30, 1974 and moved for discharge on August 9, 1974. On December 18, 1974, the court denied the motion and set the case for trial to commence February 18, 1975. Trial was held on that date.

The issue presented is whether the delay in bringing Wilson to trial for more than one year after he was let to recognizance was *caused by his act. See, Colglazier* v. *State* (1953), 231 Ind. 571, 110 N.E.2d 2.

The sequence of events follows. Wilson was released on recognizance in April 1973, apparently on the 13th. At that

time he was told to appear in one week for arraignment. At the hearing on the motion for discharge, he testified that he did so; that a jury trial was then in progress; that he inquired at the clerk's office to determine whether he would be arraigned; and that subsequently Judge Kimbrough advised him that he would be notified when to appear for arraignment. This is not disputed by the state.

Apparently, under a docket procedure followed in Lake County at that time, on August 9, 1973, the case was set for trial September 28, 1973. On September 28 the prosecuting attorney appeared and arraignment was set for October 12. The record next shows that on November 6 Wilson failed to appear and arraignment was rescheduled for November 13. On November 13 Wilson again was not present, his bond was ordered forfeited and a bench warrant was issued for his arrest. Nothing further happened until July 23, 1974 when the court ordered execution of the bond forfeiture. On July 30, 1974 an attorney appeared for Wilson. Subsequently Wilson was arraigned and the bond forfeiture was set aside.

At the hearing on the motion for discharge Wilson testified that he received no notification of any proceedings in his case until his bail bondsman advised him in July 1974 that a warrant for his arrest was outstanding. The deputy clerk responsible for the Criminal Division court calendar testified that the setting made August 9, 1973 would have appeared in the printed court calendar but the other settings would not. She also testified that the clerk's office would not have notified Wilson of the settings. In addition the transcript, which is certified as complete, discloses no attempt at serving notice of any of the proceedings on Wilson. While a rearrest warrant was issued November 13, 1973, the only return it carries is the sheriff's notation that it was recalled by the court on July 31, 1974. Wilson also testified that when arrested and released on bond he resided at 2416 Cleveland Street where he had lived most of his life; that he continued.

to reside there until May 1974 when he moved to 3017 Van Buren with his mother and sisters; and that he was employed by the E.J. & E. Railroad Company. The state does not dispute this record. Thus, the facts are distinguishable from those present in cases such as *Cooley* v. *State* (1977), 172 Ind. App. 199, 360 N.E.2d 29, where the accused has fled or otherwise made himself available.

Can Wilson be charged with causing the delay which occurred as a result of his failure to appear when he had no actual notice of the hearings *and* the court did not attempt to give him notice by any means other than by making a docket entry in its own records?

One of our primary concepts of due process is the necessity of giving notice reasonably calculated under the circumstances to apprise an interested party of a pending action within a time where he may reasonably respond. *See, e.g., Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; *Vacendak* v. *State* (1973), 261 Ind. 317, 302 N.E.2d 779. Clearly, Wilson was entitled to notice. Since the court had acquired jurisdiction of his person and the case, was the notice provided by the docket entry sufficient?

In civil cases, our courts have long held that during the time a court has jurisdiction of the parties and proceedings, a party must keep himself informed of the steps taken in the case and will be bound by the court's action without additional notice. *State ex rel. Bickel* v. *Lake Sup. Ct.* (1959), 239 Ind. 388, 158 N.E.2d 161; *Flanders* v. *Ostrom* (1933), 206 Ind. 87, 187 N.E. 673.

We do not decide whether that doctrine would be applicable at a time when an accused was either represented by counsel or had elected to act *pro se.* We do decline to extend it to the facts before us.

Unlike the civil law our criminal statutes require the presence of the accused for arraignment and trial. IC 1971, 35-4.1-1-1, 35-1-28-1.

Moreover, it must be recalled that while an accused may waive his right to speedy trial and the protections afforded by CR. 4, neither Art. 1, § 12 of the Indiana Constitution nor CR. 4(C) cast upon the accused the burden of securing their protection. Instead they place a duty upon the state to bring a defendant to trial within the framework of the protections they provide. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N.E.2d 203; *Simpson* v. *State* (1975), 165 Ind. App. 285, 332 N.E.2d 112.

The applicable language of the rule relieves the state only for a delay *"caused by his act."* In view of the constitutional purpose behind the rule, we do not construe this language as placing upon Wilson the affirmative duty to discover what the court records might disclose to the extent that his failure to do so may properly be termed an act causing delay. To hold otherwise would, in fact, place upon him the burden of securing his right to speedy trial.

One point remains. The state argues alternatively that Wilson waived his rights under CR. 4(C) because he let the one year period expire without making objection. In support it cites *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179 and similar cases. The argument misconstrues *Bryant* and its progeny.[1] Those cases hold that where a defendant learns, within the period provided by the rule, that the case is set for trial at a time beyond the date permitted and the defendant makes no objection, he will have waived the error. However, as the court observed in *Bryant*, the defendant is *not* required to take affirmative steps to obtain trial within the period provided by the rule. The

---

1. *See, Tyner* v. *State* (1975), 166 Ind. App. 45, 333 N.E.2d 857; *Richardson* v. *State* (1975), 163 Ind. App. 222, 323 N.E.2d 291; *State* v. *Henry* (1975), 163 Ind. App. 305, 323 N.E.2d 258.

waiver arises only where the defendant learns, within the period during which he could be properly brought to trial, that the court proposes trial on a date that it not timely. He then must object or he will be considered to have acquiesced. *Bryant,* 261 Ind. at 174, 301 N.E.2d at 180.

We therefore reverse and remand with instructions that the defendant be discharged.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 361 N.E.2d 931.