James BUTTS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 29A02–8903–CR–82.

Court of Appeals of Indiana,
Third District.

Nov. 6, 1989.

Mark S. Zuckerberg, Bruce D. Brattain, Ancel & Dunlap, P.C., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant James Butts appeals the trial court's denial of his motion for discharge.

Three criminal charges were filed against the defendant, Butts, on April 9, 1986. A fourth charge was filed on May 28, 1986.

Defendant was not brought to trial until November 17, 1988, 951 days subsequent to his arrest and 902 days subsequent to the filing of the fourth · charge. Defendant was found guilty on Count III, operating a vehicle with a blood alcohol content of .10% or greater, and Count IV, operating a vehicle while intoxicated.

Previously, on November 9, 1988, the defendant filed a motion for discharge which was denied after a hearing on November 16, 1988.

The following issue is raised on appeal: whether the trial court erred when it denied the defendant's motion for discharge based upon the State's failure to bring the defendant to trial within the aggregate period of one year as required by Criminal Rule 4(C) of the Ind.Rules of Procedure.

Criminal Rule 4(C) provides:

"No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule.

Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged."

The one-year period began to run on Counts I–III on April 9, 1986 when the charges were filed. For Count IV, the time period began to run on May 28, 1986. Appellant argues that the time period for Count IV should also begin to run on April 9, 1986. He cites four cases to support his argument, but none have fact situations analogous to this case.

In *State v. Smith* (1986), Ind.App., 495 N.E.2d 539 and *State ex rel. Back v. Starke Cir. Ct.* (1979), 271 Ind. 82, 390 N.E.2d 643, the original charges filed against the defendants were dismissed. The State then refiled the *identical* charges against the defendants. In each case the court held that the one-year period began to run with the initial filing of the charges or arrest on such charges.

The defendant in *State ex rel. Wernke v. Hendricks Sup.Ct.* (1976), 264 Ind. 646, 348 N.E.2d 644, was initially charged with unlawful delivery of a controlled substance, marijuana. The State moved to dismiss the charge because the delivery was of hashish. The State then filed the charge of unlawful delivery of a controlled substance, hashish, against the defendant. However, since the definition of marijuana *included* hashish, the court held that the one-year period began to run with the filing of the initial charge.

Finally, *State ex rel. Penn v. Marion Crim.Ct.* (1979), 270 Ind. 687, 389 N.E.2d 21, can also be distinguished. The one-year period in *Penn* began to run in April 1978 when the defendant was arrested. The court held that although the indictment was returned in criminal court in August 1975, the time period did not begin to run until defendant's arrest on such charge.

■ The charge filed against the defendant, Butts, on May 28, 1986 was not the same charge or a refiling of an identical charge. Nor was the charge in any way included in the definition of a previously filed charge. It was a separate and different charge. In accordance with Criminal Rule 4(C), the time period began to run when the charge was filed against the defendant on May 28, 1986. The following calculations will be computed for Counts III and IV since defendant was convicted on these two charges.

The parties to this appeal do not dispute that the 14 days between April 9, 1986 and April 23, 1986 are attributable to the State. The initial hearing was held April 23, 1986 and the trial was set for July 9, 1986. These 14 days count only towards the one-year period for Count III since Count IV had not yet been filed.

■ Both parties agree that plea negotiations were being conducted between April 24, 1986 and June 9, 1986. These days are not attributable to the defendant pursuant to the Court's holding in *State v. Smith, supra,* Ind.App., 495 N.E.2d 539.

In *Smith,* the Court stated that a defendant does not abandon his right to be tried within one year simply because he engages in informal plea negotiations with the State. It must appear that the defendant's acts caused an actual delay in the scheduling of his trial. *Smith, supra.*

Since the plea negotiations cannot be considered a delay by the defendant, the count increases to 61 days for Count III and begins with 12 days for Count IV. The parties were also engaged in plea negotiations from September 30, 1986—November 17, 1986 adding an additional 49 days attributable to the State.

The State concedes that the delay between June 10, 1986—June 24, 1986, during which time the cause was continued, are days chargeable to the State. These 14 days raise the count for Count III to 124 days and to 75 days for Count IV.

■ The State also concedes that the time period from December 10, 1986 to May 7, 1987 are days attributable to the

State. The parties appeared for sentencing on December 10, 1986, but the court examined and rejected the plea agreements. The court then set the cause for trial on May 7, 1987. Since this delay of 148 days was not caused by any act on the defendant's part, the count increases to 272 days for Count III and to 223 days for Count IV.

■ Appellant alleges that the time period May 7, 1987 to June 10, 1987 should be charged to the State. Although the trial had been set for May 7, 1987, the docket reveals that the defendant failed to appear. However, the docket entry for May 8, 1987 states the court's finding that the defendant had never been notified of the trial date. Since the defendant never received notice of the trial date, he cannot be charged with causing the delay. *See Wilson v. State* (1977), 172 Ind.App. 696, 361 N.E.2d 931. This time period of 35 days is attributable to the State. The counts now stand at 307 days chargeable to the State for Count III and 258 days chargeable to the State for Count IV.

The State concedes that the time period of September 23, 1987—October 5, 1987 is attributable to the State. The docket for this period reveals that the parties appeared for sentencing on September 23, 1987 but the court rejected the submitted plea agreement and set the trial for December 18, 1987. The number of days chargeable to the State increases by 12 days for each count. The count now stands at 319 days for Count III and 270 days for Count IV.

The appellant argues that two final time periods, January 22, 1988—March 31, 1988 and August 19, 1988—November 17, 1988, should be attributable to the State. The former time period consists of 70 days while the latter time period consists of 91 days.

Although the State concedes the time period, January 22, 1988—March 31, 1988, is attributable to the State, this is not entirely true. The time period began on January 22, 1988 when the trial court denied the defendant's previously filed motion for change of judge. That same day the court reset the trial for March 31, 1988.

■ The appellant argues that this period of 70 days is chargeable to the State since he committed no act of delay. This is true. However, the defendant has the duty to alert the trial court when the trial date has been set beyond the proscribed limits of C.R. 4(C). The one-year period for Count III ran during this time period. Specifically, the one-year period ran on March 7, 1988. Once the trial was set for March 31, 1988 by the trial court on January 22, 1988, the defendant had the duty to object at his earliest opportunity to permit the trial court to set the date within the one-year period.

■ This duty was recently discussed in *Decker v. State* (1988), Ind., 528 N.E.2d 1119. If a trial date has been set beyond the proscribed limits of the rule and the defendant does not object to the trial date, he will be deemed to have acquiesced in the date. *Decker, supra.* A defendant is not required to take affirmative action to obtain a trial date within the one-year period set by the rule. *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 908. But he does have a duty to alert the court when a trial date has been established beyond the proscribed limits.

*Huffman, supra;*

*State ex rel. O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209;

*Bryant v. State* (1973), 261 Ind. 172, 301 N.E.2d 179.

Since the defendant failed in his duty to object to the trial setting of March 31, 1988, he is deemed to have acquiesced in the delay. The count remains at 319 days for Count III.

Since the one-year period did not run for Count IV during this time period and the defendant committed no act of delay, the 70 days will be charged to the State for Count IV. This raises the count to 340 days for Count IV.

The final time period that the appellant contends is chargeable to the State is August 19, 1988—November 17, 1988. This time period consists of 91 days.

The trial had been set for August 19, 1988. The docket for this date reads:

"AND AFTERWARD, to-wit: on the 19th day of August, 1988, before the Honorable Harry L. Sauce, III, Judge thereof, the following further proceedings were had herein to-wit:

Comes now the deft, by counsel, and files Motion for Trial by Jury. Comes now deft, by counsel, and also files Notice of Continuing Objection. Both are PENDING RULING."

■ The trial could not have proceeded on this date since the defendant did not file his motion to have a trial by jury until the day of the trial setting. This act resulted in a further delay of the trial. The trial court's docket reveals that both motions were "pending ruling". The trial court never made a timely ruling within the 30–day period allotted by Trial Rule 53.1(A). Defendant will be charged with the 30–day period in which the trial court was to have ruled on the motions.

The trial court also neglected to reset a trial date. There is also no evidence that the State ever requested the trial court to set a trial date. In fact, no trial date was set until November 9, 1988. At that point, the one-year period had run for both Count III and Count IV since more than 46 days had expired for Count III and more than 25 days had expired for Count IV.

■ The duty to bring the defendant to trial within one year was an affirmative one which rested with the State. *Smith, supra.* The defendant did not have an obligation to remind the trial court of the State's duty. *Smith, supra.* The State failed to bring the defendant to trial within the one-year period required by Criminal Rule 4(C). The defendant's motion for discharge should have been granted.

Reversed.

GARRARD, P.J., and BUCHANAN, J., concur.