**Joe L. STAPLES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 20A03–8911–CR–503.**

Court of Appeals of Indiana, Third District.

April 19, 1990.

Stephen R. Bowers, Mellinger & Bowers, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Joe Staples appeals his conviction of rape, a Class B felony.

The facts relevant to this appeal disclose that defendant was arrested on November 23, 1987. The following docket entries provide a chronicle of the relevant court activity:

| Date | Activity |
|---|---|
| 11–20–87 | Information charging the defendant with rape, a Class B felony, is filed. |
| 11–24–87 | Cause is now set for initial hearing December 3, 1987. |
| 12–3–87 | By agreement of counsel, cause reset to December 10, 1987. |
| 12–10–87 | Defendant, by counsel, moves to continue initial hearing to December 17, 1987. |
| 12–17–87 | Defendant enters a preliminary plea of not guilty. Omnibus date is set for February 11, 1988. Trial court sets this cause for pre-trial conference March 10, 1988 and for jury trial April 11, 1988. |
| 3–10–88 | Court conducts pre-trial conference; cause still set for trial April 11, 1988 subject, however, to being preempted by a prior setting. |
| 7–13–88 | Court now sets this cause for trial on December 12, 1988. |
| 3–21–89 | Court now sets this cause for jury trial on May 22, 1989. |
| 5–19–89 | State files motion for continuance. Defendant files motion for discharge under Crim.R. 4. Court grants the motion for continuance, over objection of defendant, and now resets this cause for trial on June 26, 1989. Also sets the defendant's Crim.R. 4 motion for hearing on June 8, 1989. |
| 6–8–89 | Court heard arguments on defendant's Crim.R. 4 motion and denies the motion. |
| 6–26–89 | Trial. |

Appellant raises one issue for review: whether the court erred in denying his motion to discharge pursuant to Ind.Crim. Rule 4(C).

Crim.R. 4(C) provides:

"Defendant Discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged."

The one-year period began to run when the defendant was arrested on November 23, 1987. The trial court set the initial hearing for December 3, 1987. This ten-day period between defendant's arrest and the date for the initial hearing is chargeable to the State. The defendant concedes that the 14 days between December 3, 1987 and December 17, 1987, when continuances were had, are chargeable to him.

On December 17, 1987, the court set the trial for April 11, 1988. This period of 117 days between December 17, 1987 and April 11, 1988, is chargeable to the State.

There is no docket entry for April 11, 1988 explaining why the defendant was not brought to trial on that date. In fact, the next docket entry is not until July 13, 1988. The court in *Morrison v. State* (1989), Ind. App., 542 N.E.2d 564, was presented with a similar situation. The *Morrison* court held that if the record is completely devoid of any continuance by the court or the parties and the defendant does not provide any explanation as to why the State did not bring the defendant to trial on the date set, the defendant is charged with this period of time. The court's reasoning was that it is the duty of the defendant to provide an adequate record on appeal and in the absence of a complete record, the court will presume that the defendant either consented to a continuance of the trial date or waived any objection to not being tried on that date. This Court does not find the *Morrison* court's reasoning to be persuasive and therefore, declines to follow that case.

The duty to bring the defendant to trial within one year is an affirmative one which rests with the State. *Butts v. State* (1989), Ind.App., 545 N.E.2d 1120, 1124. The defendant does not have an obligation to remind the State of this duty or to remind the trial court of the State's duty. *Id.* A trial court speaks through its docket which makes it necessary for the trial court to make a docket entry as to why a defendant's trial cannot be conducted on the date set. In fact, Crim.R. 4(C) requires the court to take notice of these facts. However, this procedure was not followed in this case. The docket is blank as to why the defendant was not tried on April 11, 1988. Furthermore, if the trial court neglected to make a docket entry as to why the defendant could not be tried on the date set, then the State should have requested the trial court to make a docket entry. However the defendant should not be charged with this period of delay because the trial court failed to make a docket entry. A defendant only has a duty to object if the trial court sets a trial date outside of the one-year period. *Butts, supra.* The April 11, 1988 trial setting was within the one-year period. When the defendant was not tried on this date, the trial court should have made a docket entry as to why he was not tried. On appeal, the defendant will not be charged with the delay when the record does not explain

why he was not tried on the date set. This delay of 94 days is chargeable to the State raising the count to 221 days chargeable to the State.

Defendant concedes that the next time period between July 13, 1988 and December 12, 1988 is chargeable to him since the trial date was set outside of the one-year period and defendant did not object. If a trial date has been set beyond the proscribed limits of the rule and the defendant does not object to the trial date, he will be deemed to have acquiesced in the date. *Butts, supra.* Thus, the defendant is charged with 152 days.

Once again there is no docket entry as to why the defendant was not tried on December 12, 1988. The trial court did not even reset the trial date until March 21, 1989. On March 21 the court set the trial for May 22, 1989, but then granted the State a continuance on May 19, 1989, and reset the trial for June 26, 1989, when the defendant was finally tried. It is obvious at this point that the State exceeded the one-year period within which to bring the defendant to trial. Defendant's conviction must be reversed.

Reversed.

STATON and SULLIVAN, JJ., concur.