**Cory L. BOWMAN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0707–CR–574.**

Court of Appeals of Indiana.

April 23, 2008.

Rehearing Denied July 2, 2008.

918

Jon A. Keyes, Allen Wellman McNew, Greenfield, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph Robert Delamater, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Cory L. Bowman appeals the denial of his motion for discharge and dismissal. He alleges his prosecution was barred by Indiana Criminal Rule 4(C), the Sixth Amendment to the United States Constitution, and Article 1, Section 12 of the Indiana Constitution. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 22, 2002, Officer Matthew Rosenbarger observed Bowman driving erratically. After administering field and chemical tests, Officer Rosenbarger determined Bowman was intoxicated and arrested him. Bowman gave Officer Rosenbarger the address in West Lafayette where he resided at that time. Bowman spent the night in jail and was summoned to appear in court on April 15, 2002 at 8:00 a.m.

Bowman appeared in court as ordered and was told no charges had been filed against him. On or about April 22, 2002, Bowman called the court and was again told no charges had been filed against him. He made no further inquiries. In August of 2002, Bowman moved to Perrysville. He did not leave a forwarding address or update his address with the Bureau of Motor Vehicles.

On September 20, 2002, the State filed an information alleging Bowman had operated a vehicle while intoxicated, a Class A misdemeanor,[1] and operated a vehicle with an alcohol concentration of at least 0.08 gram per 100 milliliters of blood or 210 liters of breath, a Class C misdemeanor.[2] The trial court set an initial hearing for October 21, 2002. Notice was sent to the West Lafayette address and was returned marked "address unknown." (Appellant's App. at 4, 107.) Bowman received no notice of the charges. He did not appear at the hearing, and the trial court issued a warrant for his arrest.

In January of 2007, Bowman was stopped for speeding in Illinois and was detained on the outstanding warrant. On February 15, 2007, Bowman entered a plea of not guilty and requested a jury trial. On March 28, 2007, Bowman moved for discharge and dismissal.

## DISCUSSION AND DECISION

### 1. *Criminal Rule 4(C)*

■ Bowman argues the trial court erroneously denied his motion for discharge under Crim. R. 4(C). We review a ruling on a Crim. R. 4(C) motion for abuse of discretion. *Werner v. State,* 818 N.E.2d 26, 28 (Ind.Ct.App.2004), *trans. denied* 831 N.E.2d 735 (Ind.2005). An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

■ Crim. R. 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar....

The State bears the burden of bringing the defendant to trial within one year. *Pond v. State,* 808 N.E.2d 718, 722 (Ind.Ct.App. 2004), *trans. denied* 822 N.E.2d 973 (Ind. 2004).

In Bowman's case, the one-year period began when charges were filed in September of 2002. Because Bowman has not yet been tried, he is entitled to discharge unless the delay is attributable to him.[3]

---

1. Ind.Code § 9–30–5–2.

2. I.C. § 9–30–5–1.

3. Neither party claims defense continuances or court congestion contributed to the delay.

Bowman argues he cannot be held accountable for the delay because he did not know charges had been filed against him, citing *Butts v. State,* 545 N.E.2d 1120 (Ind. Ct.App.1989), and *Wilson v. State,* 172 Ind. App. 696, 361 N.E.2d 931 (1977). Neither *Butts* nor *Wilson* stands for this broad proposition. Wilson was discharged because the State had made no effort to notify him of the date he was to appear for arraignment, and *Butts* merely cites *Wilson* for this proposition. *Wilson* does not hold a defendant must be discharged just because he did not receive actual notice, but rather that the State must give "notice reasonably calculated under the circumstances to apprise an interested party of a pending action within a time where he may reasonably respond." *Wilson,* 361 N.E.2d at 933. The State attempted to serve Bowman at his only known address—the West Lafayette address he had provided the arresting officer and was listed as his current address with the Bureau of Motor Vehicles.[4] Thus, the State did what it reasonably could to notify Bowman of the charges against him.[5] *See, e.g., Diversified Investments, LLC v. U.S. Bank, NA,* 838 N.E.2d 536, 542 (Ind.Ct.App.2005) (due process was satisfied when auditor sent notice of tax sale to only address on record), *trans. denied* 860 N.E.2d 584 (Ind. 2006); *cf. McBain v. Hamilton County,* 744 N.E.2d 984, 989 (Ind.Ct.App.2001) (due process not satisfied when notice was returned in its entirety with a forwarding address), *reh'g denied.*

We acknowledge there is no evidence Bowman changed his address to evade prosecution; however, his motive is not relevant to whether he was at fault for the delay. *Sturgeon v. State,* 683 N.E.2d 612, 616 (Ind.Ct.App.1997) ("It does not matter that the defendant's act was justifiable or meritorious, since it is not the motive behind the defendant's actions, but the effect of his actions, that determines whether the delay is chargeable to him."), *trans. denied.* His arrest placed him on notice the State was interested in filing charges against him. *See id.* at 617–18 (arrestee "is aware he must face a charge of committing a crime on a particular date"). Simple measures, such as leaving a forwarding address or updating his address with the Bureau of Motor Vehicles, would have made it possible for the State to notify Bowman of the charges against him. When the State has made reasonable efforts to locate an arrestee, it cannot be found at fault for delay caused by the accused's disappearance. To hold otherwise would create an incentive for arrestees to relocate in the hope they will not be found within a year.[6] The trial court did not abuse its discretion by determining the delay was chargeable to Bowman.

2. *Sixth Amendment and Art. 1, Section 12*

In the alternative, Bowman argues the charges must be dismissed be-

---

4. During the hearing on his motion, the State submitted a certified copy of Bowman's driving record to the court. This document shows his address was not updated until February 2, 2006. Bowman argues we may not consider this document because it was never admitted. The document was submitted to the trial court without objection from Bowman, and therefore the trial court did not err in considering it.

5. Bowman argues the State caused the delay because it did not file the information before the date he was ordered to appear in court. Although prompt filing is preferable, Crim. R. 4(C) does not address delay in filing charges.

6. Bowman identifies some scenarios in which a person would not benefit from relocating. Nevertheless, if we adopt Bowman's position, any defendant could attempt to avoid prosecution by moving and concocting an innocent explanation for the move if caught later.

cause prosecution would violate the speedy trial guarantees of the Sixth Amendment and Art. 1, Section 12. We balance four factors to determine whether the right to a speedy trial has been violated: (1) whether the delay before trial was uncommonly long; (2) whether the State or the defendant was more at fault for the delay; (3) whether the defendant promptly asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Crawford v. State*, 669 N.E.2d 141, 145 (Ind.1996) (applying federal speedy trial analysis to claims made under the Indiana Constitution).

■■■ The length of the delay is the "triggering mechanism," and the other factors need be considered only if the delay is "presumptively prejudicial." *Sauerheber v. State*, 698 N.E.2d 796, 805 (Ind.1998). A delay of more than one year is presumed prejudicial. *Davis v. State*, 819 N.E.2d 91, 95–96 (Ind.Ct.App.2004), *trans. denied* 831 N.E.2d 738 (Ind.2005). Therefore, the first factor weighs in Bowman's favor.

Bowman argues his decision to move is not fault attributable to him, citing *Harrell v. State*, 614 N.E.2d 959, 964 (Ind.Ct.App. 1993), *reh'g denied, trans. denied.* That case is distinguishable because Harrell moved out of state before he was arrested or charged. Unlike Bowman, Harrell had no reason to know the State was looking for him. As discussed above, Bowman could have prevented the delay, and we conclude the second factor weighs against him.

The State concedes Bowman timely asserted his right to a speedy trial. Therefore, the third factor weighs in Bowman's favor.

■■■ The final factor is prejudice to the defendant. Prejudice is presumed if the delay exceeds the limitations period for the offenses with which the defendant is charged. *Kristek v. State*, 535 N.E.2d 144, 145 (Ind.Ct.App.1989). Bowman was charged with misdemeanors, which have a limitations period of two years. Ind.Code § 35–41–4–2. Therefore, the burden is on the State to show Bowman will not be prejudiced.

■■■ Prejudice is assessed "in the light of the interests of the defendant which the speedy trial right was designed to protect." *Harrell*, 614 N.E.2d at 964. These interests are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* Bowman was incarcerated for only one night and was unaware of the charges against him; therefore, only the possible impairment to his defense is at issue. *See id.* at 964–65. There is no indication the delay in this case prejudices Bowman's defense. The case depends primarily on Officer Rosenbarger's observations and the tests he administered, which have been memorialized. Therefore, the fourth factor weighs against Bowman.

In sum, two of the factors—the length of the delay and Bowman's prompt assertion of his right to a speedy trial—weigh in favor of Bowman. However, the other two factors—fault and prejudice—weigh against him. As Bowman acknowledges, we have traditionally placed the greatest weight on whether the defendant will be prejudiced. (Appellant's Br. at 19.) Furthermore, because Bowman could have prevented the delay, we believe his prompt assertion of his right after receiving notice is entitled to little weight. Therefore, we conclude the balance of the factors indicates Bowman's right to a speedy trial has not been violated.

Affirmed.

RILEY, J., concurs.

KIRSCH, J., dissenting with opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

The State took no action to notify him of the charges for four and one-third years after learning that Bowman no longer resided at the address that it had for him. There is no evidence that it made any attempt whatsoever to acquire an updated address. There is no evidence that the State even checked the records of the Bureau of Motor Vehicles to determine whether Bowman had updated his address. Indeed, when Bowman did update his address with the Bureau in February 2006, the State still took no action to notify him of the charges. Had Bowman not been stopped for speeding in Illinois, this matter would still be pending with no notice to the defendant.

My colleagues hold that the State did what it reasonably could to notify Bowman of the charges. I disagree. From my perspective, the State did virtually nothing. I believe the trial court erred in determining that the four-year, four-month delay was attributable to Bowman. I would reverse the trial court's order and remand with instructions to dismiss the pending charge.