



FILED

Aug 05 2020, 11:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CR-31

## Brandon Battering,
*Appellant,*

—v—

## State of Indiana,
*Appellee.*

---

Argued: May 27, 2020 | Decided: August 5, 2020

Appeal from the Pulaski Circuit Court
No. 66C01-1512-F1-3
The Honorable Michael A. Shurn, Judge
The Honorable Mary Welker, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 18A-CR-2309

---

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

The State bears the burden of prosecuting individuals charged with crimes. To ensure efficient disposition and resolution of criminal prosecutions, the State must bring an accused to trial within certain deadlines imposed by Indiana Criminal Rule 4. Recognizing that some delays are inevitable, Criminal Rule 4 allows these time limitations to be extended or tolled in certain circumstances based on the actions of either the State, the defendant, or the trial court. But once the proverbial clock strikes midnight and the limitations period has run, a criminal defendant is entitled to discharge if he or she so moves.

In the present case, the State filed an interlocutory appeal after Defendant Brandon Battering successfully suppressed certain evidence. Rather than request a stay of the proceedings—a motion that almost certainly would have been granted—the State specifically asked for only a continuance during the pendency of its appeal. After Battering moved for discharge under Criminal Rule 4(C), the State belatedly asked for and received a stay of the proceedings. Battering renewed his motion for discharge and the trial court denied his request.

The issue now presented for our review upon Battering's interlocutory appeal is whether, for the purposes of Criminal Rule 4(C), the State's action of seeking an interlocutory appeal automatically stayed the proceedings so as to toll Rule 4(C)'s one-year limitation. In other words, was the State required to specifically move for a stay of the proceedings, or did the interlocutory appeal create an automatic stay? Reviewing the plain language of Indiana Rule of Appellate Procedure 14 in conjunction with Criminal Rule 4(C), we find that Rule 4(C)'s clock continued to tick until the State formally moved for a stay of the proceedings. Because this time continued to count against Rule 4's one-year limitation in prosecuting the charged crimes and the State exceeded this limitation, we reverse the trial court and find that Battering is entitled to discharge.

# Facts and Procedural History

On December 4, 2015, the State filed an information charging Defendant Brandon Battering with Count 1: Level 1 Felony child molesting, Count 2: Level 4 Felony child molesting, and Count 3: Level 5 Felony child solicitation. Before trial, Battering filed a motion to suppress certain evidence obtained by law enforcement during a police interrogation. On January 19, 2017, the trial court granted Battering's motion and suppressed the evidence.

Shortly after the trial court granted Battering's motion, the State said it intended to file an interlocutory appeal challenging the court's suppression ruling. During a teleconference, the following exchange occurred:

> [BATTERING]: Are you going to ask to stay the proceedings and to continue the jury trial?
>
> [STATE]: Yes.
>
> [BATTERING]: Or – okay. And so that'll be done contemporaneously with what appears to be a request for an interlocutory appeal?
>
> [STATE]: Yes.
>
> [BATTERING]: Okay.
>
> THE COURT: So I'm inclined to grant that because it's such a critical issue, but I want to read [the State's] motion, give you a chance to object if you feel – but then that – where does that – so then I would be vacating the trial if I'm granting that. Where does that leave me on Criminal Rule 4 now?

[STATE]: Well, the State's never asked for a continuance. All continuances on the trial have been made by the Defendant so far in this case.

THE COURT: Oh, I understand, but where are we at in that? It probably – it might – I mean, I don't know how long they're going to take to address an interlocutory appeal. Sometimes they're done pretty expeditiously, but would that mean he would get out of jail?

[STATE]: If he posts a bond, yeah.

THE COURT: Even without posting a bond under Criminal Rule 4.

[STATE]: Not if proceedings are stayed.

THE COURT: If they're stayed. Do you agree with that, [Battering]?

[BATTERING]: If they're proceeding what?

THE COURT: If the proceedings are stayed, does the time run on Criminal Rule 4 to be released without posting any bond?

[BATTERING]: It's my understanding it does, Your Honor, but I'll also acknowledge that I think, when I have looked at the law on this a few years back, it was unclear. I will say that the law is more in favor of the State if they took that statutory provision where they acknowledge that further prosecution is impossible in light of the Court's ruling (indiscernible).

THE COURT: But if it's not, if it's just discretionary and I grant a discretionary interlocutory appeal and certify it and you've got a question about whether –

[BATTERING]: Absolutely. Yes.

THE COURT: Okay.

[BATTERING]: I think it's all chargeable to them because what they – what – and I don't mean to be condescending, but they try – when they try and have their cake and eat it too, they can't have it both ways. They can't say –

THE COURT: Okay.

[BATTERING]: - it does not cause (indiscernible).

THE COURT: Well, we'll deal with that. We're not there yet, so I guess we'll deal with that another day. But I don't think an interlocutory appeal on that issue would divest me of jurisdiction to consider a Criminal Rule 4 in the process, I don't believe.

[BATTERING]: No, I don't think so either.

Tr. Supp. pp. 7-9. Thereafter, the State filed a motion to certify the issue for an interlocutory appeal. Included within this motion was a request for the trial court to continue—rather than stay—the jury trial set to begin on January 24, 2017.

The trial court certified the issue for interlocutory appeal. When the trial court granted the motion, the parties had the following discussion:

THE COURT: So I'll go ahead and grant that, so I – and I will then continue the jury trial. And then, [Battering], we'll just have to decide where we go in bond or, you know, Criminal Rule 4. And I know you'll look into that, right?

[BATTERING]: Yes. And for my purposes, Your Honor, I need to show my objection to the continuance. We object to any

continuance. We're prepared and ready for trial. We believe the State should be, as well, and so any – we would object to the continuance. And then I will file a Rule 4 issue after this.

THE COURT: Well, I don't know how to certify this issue for interlocutory appeal and still have a trial, but I sort of think that if I've got to do the one, I have to do the other. They seem to go hand in hand.

…

So that's what I said. If I'm going to grant the interlocutory appeal, the trial has to be continued, and so I have to grant the State's motion for that. And I understand your objection will be shown of record… And of course, the pieces will fall where they may with the Criminal Rule 4 filing.

*Id*. at 11-12.

During the pendency of the appeal, Battering filed several motions including a motion to exclude evidence, reduce his bond, and set a date for jury trial. Battering also filed a motion for discharge under Criminal Rule 4, arguing that the State failed to bring him to trial within one year because it sought a continuance during the interlocutory appeal instead of a stay. On June 13, 2017, the State filed a motion to stay the proceedings pending the interlocutory appeal. The State's motion was granted by the trial court on June 15, 2017, and the proceedings were formally stayed.

On September 28, 2017, the Court of Appeals issued an opinion affirming the trial court's suppression of Battering's pre-trial statements. *State v. Battering*, 85 N.E.3d 605 (Ind. Ct. App. 2017). After the Court of Appeals issued its decision, Battering filed an initial, a renewed, and an additional renewed Rule 4(C) motion, asking the trial court to dismiss the proceedings and discharge him. The trial court denied Battering's Rule 4(C) motion for discharge and Battering requested an interlocutory appeal on this issue. The trial court certified the issue and the present appeal ensued.

In a published opinion, the Court of Appeals affirmed the trial court's denial of Battering's Rule 4(C) motion for discharge. *Battering v. State*, 134 N.E.3d 475, 482 (Ind. Ct. App. 2019). The majority found that "one thing was absolutely clear to everyone involved: no trial would be taking place until the State's interlocutory appeal was complete." *Id*. at 481. Characterizing any motion to stay the proceedings as a "mere formality," the Court of Appeals found that the delay during the pendency of the interlocutory appeal was not chargeable to the State. *Id*. at 482. Judge Baker dissented and would have found that because the proceedings were not formally stayed until the State so moved, the Rule 4(C) clock kept ticking and Battering was entitled to discharge. *Id*. at 484 (Baker, J., dissenting).

Battering petitioned for transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

We generally review a trial court's ruling on a motion for discharge for an abuse of discretion. *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2009) (citation omitted). When, as is the case here, the relevant facts are undisputed and the issue is a question of law, we evaluate a Criminal Rule 4 motion for discharge de novo. *State v. Larkin*, 100 N.E.3d 700, 703 (Ind. 2018) (citing *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013)).

## Discussion and Decision

Battering has consistently argued that he is entitled to discharge under Criminal Rule 4(C). He argues, on the one hand, that the State's own motion for interlocutory appeal—combined with the plain language of Indiana Appellate Rule 14(H)—shows that the Rule 4(C) clock ran up to and until the State formally moved to stay the proceedings. The State, on the other hand, argues that its motion to certify this matter for interlocutory appeal and continue the proceedings was a "stay-in-substance" and urges us to consider the context of the interlocutory appeal rather than strictly construe the words of the relevant rules. The

language of Criminal Rule 4(C) and Appellate Rule 14(H), in light of our Court's precedent, however, leads us to the result that Battering seeks: The State's motion for continuance was not a stay under Criminal Rule 4(C). Battering is, therefore, entitled to discharge.

We start from the understanding that "[t]he State bears the burden of bringing the defendant to trial within one year." *Larkin*, 100 N.E.3d at 703 (citing *Bowman v. State*, 884 N.E.2d 917, 919 (Ind. Ct. App. 2008)). To enforce this burden, Criminal Rule 4(C) provides, in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar…

As the rule suggests, criminal defendants extend the one-year period "by seeking or acquiescing in delay resulting in a later trial date." *Pelley v. State*, 901 N.E.2d 494, 498 (Ind. 2009) (citing *Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999)). Additionally, a defendant generally waives rights under Rule 4(C) by failing to offer a timely objection to trial dates set outside the one-year limitation, unless the setting of that date occurs after the one-year period has expired. *Id*. at 499 (citation omitted).

Our Court examined the contours of Rule 4(C) in *Pelley v. State*. In that case, the State filed an interlocutory appeal after it received an adverse ruling on a discovery dispute with a third party. *Id*. at 497. Although the proceedings were properly stayed during the interlocutory appeal, the defendant moved for discharge under Rule 4(C), believing that the time should have been chargeable to the State because it was the party that brought the interlocutory appeal. *Id*. We ultimately concluded that "Rule 4(C)'s one-year limitation does not include the time during which trial proceedings have been stayed pending interlocutory appeal." *Id*. at 499-500. Importantly, however, "the time for an interlocutory appeal is

excluded from Rule 4(C)'s limitation only when trial court proceedings **have been stayed**." *Id*. at 500 (emphasis added).

Nearly ten years later, we again considered whether a defendant was entitled to discharge under Rule 4(C) in *State v. Larkin*, 100 N.E.3d at 703-06. In that case, trial was delayed due to an interlocutory appeal and a motion for change of judge. The question boiled down to whether the delay was attributable to the defendant. *Id*. at 704. Finding that both periods during the interlocutory appeal and motion for change of judge were chargeable to the defendant, and that the defendant agreed to the trial date set outside of Rule 4(C)'s bounds, he was not entitled to discharge. *Id*. at 706.

We can glean from these decisions that Rule 4(C)'s one-year limitation always tolls when a stay is in place. If a stay is not in place, however, the clock continues to tick against the State.[1] So the question in this case is whether the State's interlocutory appeal constituted a stay even if the State did not formally request one.

Our appellate rules answer this question. Indiana Appellate Rule 14(H) provides:

> An interlocutory appeal **shall not stay proceedings** in the trial court <u>unless</u> the trial court or a judge of the Court of Appeals so orders. The order staying proceedings may be conditioned upon the furnishing of a bond or security protecting the appellee against loss incurred by the interlocutory appeal.

(Emphasis added.) A plain reading of this rule provides that an interlocutory appeal *only* constitutes a stay *if* the trial court or the Court of

---

[1] We note that in *Pelley*, we posited that there are two instances in which a trial court or the Court of Appeals may decline the State's request for a stay pending interlocutory appeal: (1) if "the State is seeking a stay for improper purposes," or (2) "if the appeal presents issues that are not critical to the case." 901 N.E.2d at 500. In this case, however, neither of these two paths are in play because the State did not move for a stay at all until it felt compelled to do so in order to placate Battering's Rule 4(C) concerns.

Appeals so orders. The "shall not – unless" structure of this rule seemingly forecloses any alternate route to a stay.

Nevertheless, the State urges that it complied—either constructively or substantially—with the spirit of the rule and should not be punished with the continued ticking of the Criminal Rule 4(C) clock. The State further argues that it had no other option in this case than to initiate an interlocutory appeal after the trial court's adverse ruling to Battering's motion to suppress. Be that as it may, the State did have an appropriate remedy available to it when it sought an interlocutory appeal:  Request a stay. It failed to do so here.

The State bears the burden to prosecute a given case within the bounds of Rule 4(C). As indicated above, there are many valid procedural avenues to extend or toll this timeline. The words of the applicable rules could not be any clearer:  The State needed to request—and be granted—a stay of the proceedings in order to toll Rule 4(C)'s one-year limitation. Because it did not do so until it was too late, Battering is entitled to discharge.

## Conclusion

Battering has successfully shown that Criminal Rule 4(C)'s one-year limitation has been surpassed. Under this rule, he is therefore entitled to discharge. We reverse the trial court and discharge the defendant.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT
Mark K. Leeman
Pulaski County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana