**Stephen L. BURKES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9303–CR–79.**

Court of Appeals of Indiana,
Third District.

July 26, 1993.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Stephen L. Burkes appeals his convictions for resisting law enforcement, a Class A misdemeanor; disorderly conduct, a Class B misdemeanor; false informing, a Class B misdemeanor; battery on a police officer, a Class D felony; and a sentence enhancement for a finding that Burkes is an habitual offender.

The facts relevant to the appeal disclose that on February 17, 1992, Elkhart police officers were dispatched to Burkes' residence regarding a domestic dispute. Burkes was arrested. On February 21, 1992, Burkes was charged with battery on a police officer for biting Lt. William Faus.

On March 9, 1992, the State filed an information charging Burkes as an habitual criminal. Also on March 9, 1992, Burkes moved for a speedy trial. Because Burkes was being held in jail, his trial date was set for May 14, 1992.

On May 13, the State filed informations charging Burkes with resisting law enforcement, disorderly conduct, false informing, battery on a police officer for bending Officer P.T. Virrill's thumb, and battery for shoving his wife, Betty Burkes. Burkes objected to the filing of the additional charges and to any continuance based upon the filing of the charges. The State objected to a severance of the charges. Accordingly, the trial court

quashed the jury venire scheduled for May 14. Trial was rescheduled for October 22, 1992.

Burkes filed a motion for discharge on May 18, 1992, asserting that he had been incarcerated since his arrest and that no delay in the proceedings was attributable to him. On May 18, 1992, the court granted discharge as to the original charge filed for battery as to Lt. Faus.

On July 8, 1992, Burkes filed a motion for discharge as to the remaining charges. The trial court denied Burkes' motion on August 21, 1992. Burkes' motion to reconsider was also denied.

Burkes was tried and convicted as noted above on October 22, 1992. This appeal ensued.

On appeal, Burkes contends that the trial court erred in failing to grant a discharge as to all counts pursuant to Ind.Crim.Rule 4(B)(1).

Crim.R. 4(B)(1) provides in pertinent part:

"Defendant in Jail—Motion for Early Trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar...."

In *Butts v. State* (1989), Ind.App., 545 N.E.2d 1120, three charges were filed against the defendant on April 9, 1986. On May 28, 1986, a fourth charge was filed. When the rule period under Crim.R. 4(C), an aggregate one-year period, expired as to the original charges, the defendant contended that the time period had commenced at the same time as to the fourth charge. Noting that the fourth charge was not the same as one of the original charges or a refiling of an identical charge, but was instead a separate and distinct charge, this Court determined that the time period commenced when the fourth charge was filed. *Id.* at 1122.

Burkes argues that *Crosby v. State* (1992), Ind.App., 597 N.E.2d 984, requires discharge. In *Crosby*, the State filed amended charges two weeks prior to the expiration of the 70–day rule period. Finding *inter alia* that the late amendment of the charges and untimely production of substantial discovery material prevented counsel from timely preparing for trial, discharge and dismissal was ordered. *Id.* at 986–989. The decision in *Crosby* is distinguishable from that in *Butts* and the circumstances in the present action.

Here, as in *Butts* the charges filed May 13, 1992, were separate and distinct from the original charge for which Burkes filed a speedy trial motion in March. Moreover, unlike the trial court in *Crosby*, the trial court in the present action granted discharge of the original charge once the rule period expired.

Burkes did not specifically move for a speedy trial as to the later filed charges. *See Akins v. State* (1981), Ind., 429 N.E.2d 232, 236 (motion to withdraw waiver of early trial did not eliminate need for affirmative action to commence running of the time period). Rather, Burkes asserts that all charges should have been dismissed when the time period expired as to the original charge. Such is not the case.

The trial court properly granted discharge as to the original charge; however, the charges filed May 13, 1992, properly proceeded to trial. The action of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., and GARRARD, J., concur.