**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JON LARAMORE**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1303-CR-88 |
| | ) | |
| STEPHEN FLOYD SMITH, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SAINT JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Jr., Judge
Cause No. 71D03-1106-FD-531

**March 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The State appeals the trial court's partial grant of Stephen Floyd Smith's motion for discharge pursuant to Indiana Criminal Rule 4(C), which resulted in dismissal of a class D felony domestic battery charge. On cross-appeal, Smith challenges the denial of his discharge motion with respect to a later-added second count, class A misdemeanor battery.

We affirm and remand.

On June 25, 2011, the State charged Smith with class D felony domestic battery against his wife. The State has alleged that Smith battered his wife on the evening in question while two of their sons were in the home. One of the sons was ten years old, which elevated the charge to a D felony.[1] The other son, Stephen, was an adult home from college for the summer. Stephen intervened when his mother was knocked to the ground and then Smith allegedly assaulted Stephen before Stephen, his mother, and the child were able to escape to a neighbor's house and call police.

Smith's trial was initially set for January 3, 2012. On December 15, 2011, however, the trial court vacated that trial date due to court congestion, as specifically noted in the CCS. The court reset trial for April 9, 2012. Prior to this trial date, Smith requested a continuance in order to continue plea negotiations. On April 25, the court reset the trial for June 4, 2012.

On April 27, 2012, Judge Frese recused himself.[2] The case was promptly reassigned

---

[1] The offense is elevated to a D felony when committed "in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense." Ind. Code Ann. § 35-42-2-1.3 (West, Westlaw current through 2013 1st Reg. Sess. and 1st Technical Sess.).

[2] On the evening of April 25, both Judge Frese and Smith attended an awards dinner on the Notre Dame campus. Smith was introduced to Judge Frese as a professor at the law school. Although Smith looked familiar to him, Judge Frese did not associate Smith with the instant case until the next day when he saw a newspaper article about the case with Smith's picture.

to Judge Chamblee on May 4, 2012. At a status hearing on May 16, the State stated a desire to keep the June trial as scheduled. Judge Chamblee indicated that he did not think that would be possible and then offered the parties a trial date of August 28, 2012. The court entered no finding of congestion by order or in the CCS for the delay.

The day before the scheduled trial, the State filed a motion to continue because Smith's son Stephen, a material witness for the State, had failed to appear. Stephen had moved to New York that same month, and the State failed to properly subpoena him. Stephen refused to voluntarily travel to Indiana for trial. The trial court granted the continuance in order to allow the State time to secure the out-of-state witness's attendance. Trial was reset for October 25, 2012.

In the interim, on September 12, 2012, the State filed a motion for leave to file an additional count against Smith. Specifically, the State sought to charge Smith with the class A misdemeanor battery of his son Stephen. Over Smith's objection, the trial court subsequently allowed the amendment.

On September 13, 2012, the State filed a petition to secure attendance of non-resident witness, Stephen, for the October 25 trial. The trial court then issued an order of attendance, a subpoena, and a certificate of judge to be presented to a judge of a Court of Record for the State of New York. These were filed in New York through the New York District Attorney's Office. On October 10, 2012, at a show cause hearing, a New York trial court issued an order compelling Stephen to appear and testify at the October 25 trial. Two days later, Stephen appealed the order and sought a stay of the interstate subpoena. The New York

appellate court issued an interim stay on October 16, which later turned into a permanent stay on November 20, 2012. The New York appellate court was not scheduled to address Stephen's appeal until March or April 2013.

As a result of the delay caused by the New York proceedings, the State obtained a continuance of the October 25 trial, which was rescheduled over Smith's objection for January 17, 2013. After the permanent stay was issued in New York, the State sought another continuance on December 6, 2012. In its motion, the State acknowledged that the Criminal Rule 4(C) deadline was approaching. By its calculation, the State indicated that "the applicable time period [would] not expire until March 7, 2013." *Appellant's Appendix* at 184. Conceding that the interstate subpoena matter would not likely be settled by that time, the State asked the court to extend the applicable time period by ninety days, pursuant to Criminal Rule 4(D). Smith objected, and the trial court set a hearing on the State's motion for January 3, 2013.

On December 21, 2012, Smith filed a motion for dismissal and discharge of both counts pursuant to Criminal Rule 4(C). The trial court reset the scheduled hearing to January 9, 2013. Following the hearing, the trial court entered a detailed order granting Smith's motion for dismissal and discharge with respect to Count I, the domestic battery charge. The court concluded that the Criminal Rule 4(C) time had yet to run on Count II and, therefore, granted the State's requested continuance with respect to this count. Upon the State's request, the trial court certified the discharge order for interlocutory appeal over Smith's

4

objection.[3] We accepted jurisdiction on May 3, 2013.[4] On appeal, the State challenges the dismissal of Count I, and Smith, on cross appeal, challenges the trial court's refusal to dismiss Count II on Criminal Rule 4(C) grounds.

Criminal Rule 4(C) places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested. *Cook v. State*, 810 N.E.2d 1064 (Ind. 2004). The rule allows for extensions of that time for various reasons, including delays sought or caused by the defendant. *Id.* The time period is also extended when delay is caused by court congestion or emergency. *Austin v. State*, 997 N.E.2d 1027 (Ind. 2013).

With respect to Rule 4(C) orders, we review factual findings (such as findings of congestion or emergency) for clear error. *Id.* Accordingly, we consider only the probative evidence and reasonable inferences supporting the judgment and reverse only upon a showing of error that leaves us with a definite and firm conviction that a mistake has been made. *Id.* Where the facts are undisputed, however, and the issue is a question of law, our review is de novo. *Id.*

We turn first to the trial court's dismissal of Count I. The State concedes that the initial 192 days up until January 3, 2012 (the original trial date) and the 58 days between

---

[3] In its motion for certification, the State set out the following three issues to be addressed on appeal:

    a.    Whether the trial court erred in its calculation of the Criminal Rule 4(C) time period as to Count I, which resulted in the defendant's discharge on that count.

    b.    Whether the trial court erred in failing to attribute the time between Judge Frese's recusal and the new trial date of August 28, 2012 to the defendant and/or to court congestion.

    c.    Whether the trial court erred in its determination that Criminal Rule 4(D) did not extend the Criminal Rule 4(C) time period.

*Appellant's Appendix* at 254.

[4] The trial court stayed the proceedings regarding Count II pending this appeal.

August 28 and October 25, 2012 (the delay resulting from the State's first motion for continuance) count against the rule period. This left 115 days for Smith to be tried.

In addition to the two periods above, the trial court attributed to the rule period the 85 days between June 4 and August 28 and the period subsequent to October 25. The State claims the trial court erred in both regards. We will address each in turn.

The 85-day delay resulted from Judge Chamblee vacating the June 4 trial and resetting trial for August 28, after being assigned to the case upon Judge Frese's recusal. The State claims that the continuance was the result of court congestion. On the contrary, the record reflects no finding of congestion, whether in the CCS or by separate order.[5] *See* Crim. R. 4(C) ("[a]ny continuance granted due to a congested calendar or emergency shall be reduced to an order"). Recognizing that it had entered no order of congestion when the trial was rescheduled, the trial court properly charged this delay against the rule period.[6] Accordingly, 30 days remain of the Rule 4(C) period.

The State contends that none of the remaining 30 days has been exhausted because the delay after October 25, 2012 was not attributable to the rule period. Specifically, the State asserts that the delay was "due to the exigency that the State cannot control how quickly the

---

[5] As the State aptly observes, a trial court "speaks through its docket." *Reply Brief of Appellant/Cross-Appellee* at 17. Where the court fails to issue an order of congestion and the CCS is silent as to the reason for the continuance, the resulting delay is chargeable against the Rule 4(C) one-year time limitation. *Young v. State*, 765 N.E.2d 673 (Ind. Ct. App. 2002). *See also Alter v. State*, 860 N.E.2d 874, 878 (Ind. Ct. App. 2007) ("there is no indication whatsoever from the CCS that the court took note of congestion at all").

[6] The State's reliance on *Morrison v. State*, 555 N.E.2d 458 (Ind. 1990) and *Henderson v. State*, 647 N.E.2d 7 (Ind. Ct. App. 1995), *trans. denied*, is entirely misplaced. In those cases, the new judge had yet to be appointed by the time of the scheduled trial. Moreover, the delay attributed in each case to court congestion or emergency was calculated from the date the original judge recused and the date the new judge assumed jurisdiction (not the new trial date, as the State argues in this case).

6

New York appellate courts rule on its petition to secure the attendance of a material witness." *Appellant's Brief* at 17. The State asks us to hold that "delay caused by the exigency that an out-of-state court has not yet ruled on Indiana's request to compel the attendance of a material witness tolls the Criminal Rule 4(C) period." *Id*. at 21. We agree with Smith that the State has waived this argument.

In both its October and December motions for continuance of trial, the State indicated that based on its Rule 4(C) calculation, the rule period was not set to expire until March 7, 2013. This necessarily indicated to the trial court that the State believed the clock continued ticking after October 25. Moreover, the State acknowledged below that the New York appeal would not likely be resolved by the expiration of the rule period and, therefore, asked the trial court for a ninety-day extension of the rule period pursuant to Rule 4(D).[7] When the trial court refused to grant the 90-day extension, the State expressly indicated in its motion for certification that this would be an issue addressed on interlocutory appeal. The State, however, failed to raise any such argument in its appellate briefs and, instead, argues now for the first time that the ongoing delay since the October 25 continuance does not count against the rule period. As the State is well aware, a party may not raise issues on interlocutory appeal that were not properly presented to the trial court in ruling on the interlocutory order. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011). Accordingly, the trial court's finding that

---

[7] Crim. R. 4(D) provides:

If when application is made for discharge of a defendant under this rule, the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety (90) days, the cause may be continued…; and if he be not brought to trial by the state within such additional ninety (90) days, he shall then be discharged.

the delay resulting from October 25 continuance counts against the rule period stands.[8]

Smith filed his motion for dismissal and discharge on December 21, 2012, well after the remaining 30 days (since October 25, 2012) had run. Smith was therefore entitled to discharge on Count I pursuant to Rule 4(C). We affirm the trial court in this regard.

On cross appeal, Smith contends that the trial court should have dismissed Count II on the same grounds. Count II was not filed until September 12, 2012, which was only a few months before Smith sought discharge and more than a year after the original charge was filed. Despite its later filing date, Smith argues that Count II should be treated for Rule 4(C) purposes as having been filed the same date as Count I.

Rule 4(C) speaks in terms of a "criminal charge", which for purposes of the rule "does not necessarily mean all charges stemming from the same criminal episode." *Hawkins v. State*, 794 N.E.2d 1158, 1163 (Ind. Ct. App. 2003). On the contrary, where subsequently filed charges are based on separate and distinct facts, the 4(C) clock begins to run with respect to the new charges upon the filing of those charges. *See Hawkins v. State,* 794 N.E.2d 1158; *Burkes v. State*, 617 N.E.2d 972 (Ind. Ct. App. 1993); *Butts v. State*, 545 N.E.2d 1120 (Ind. Ct. App. 1989).

In this case, Count II was clearly based on a separate and distinct set of facts.[9] Most

---

[8] We further note that the State did not seek continuance of the October trial on the express basis of court congestion or emergency, and the trial court made no such finding when it granted the continuance. As discussed above, any continuance granted due to congestion or emergency must be reduced to an order or entry in the CCS. *Young v. State*, 765 N.E.2d 673.

[9] The cases Smith relies upon in his appellate brief are distinguishable in that they involved the filing of subsequent charges that were the same or substantially the same charges. *See e.g.*, *Hornaday v. State*, 639 N.E.2d 303 (Ind. Ct. App. 1994) (State dismissed and then refiled the same burglary charge, which did not restart the clock), *trans. denied*; *Gamblin v. State*, 568 N.E.2d 1040, 1042 n.6 (Ind. Ct. App. 1991) ("[t]he

8

notably, the victims in each count were different. Count I alleged a battery of Smith's wife, and Count II alleged a battery of his son. The trial court properly denied the motion for discharge with respect to Count II.

Judgment affirmed and cause remanded for further proceedings on Count II.

KIRSCH, J., and BAILEY, J., concur.

---

State cannot be allowed to obtain an entire new year by refiling substantially the same charges"); *State v. Tharp*, 406 N.E.2d 1242 (Ind. Ct. App. 1980) (defendant originally charged with theft and later charged with conspiracy to commit the same theft; original filing date applied as to both counts).